IN THE UNITED STATES DISTRICT COURT FOR
THE DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| ZIH CORP., ) | |
| ) | |
| Plaintiff, ) | CA No. 03-CV-12358-DPW |
| ) | (Alexander, M.J.) |
| v. ) | |
| ) | |
| PAXAR CORPORATION ) | |
| ) | |
| Defendant. ) | |

## DEFENDANT'S ANSWER TO COMPLAINT, COUNTERCLAIMS AND JURY DEMAND

The defendant, Paxar Corporation ("Paxar"), answers each of the numbered allegations of the complaint as follows:

### PARTIES

1. Paxar is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 1 of the Complaint and therefore denies all such allegations.

2. Paxar admits the allegations of Paragraph 2 of the Complaint.

### JURISDICTION AND VENUE

3. Paxar admits that the claims pleaded by Plaintiff ZIH Corp. arise under the patent laws of the United States and that this Court has jurisdiction over claims arising under the patent laws of the United States. Paxar Corporation denies that this Court has exclusive jurisdiction over the subject matter of this claim and denies all other remaining allegations of Paragraph 3 of the Complaint

*Defendant's Answer and Counterclaims- Page* 1

4.  Paxar admits that venue is technically proper pursuant to 28 U.S.C. § 1391(c), but venue is more appropriate in Ohio in accordance with 28 U.S.C. § 1404. Neither party is located in this judicial district. Paxar Corporation does not have a place of business in this judicial district. Furthermore, there are no documents, people, or things relating to this action located in this judicial district. Paxar denies all other remaining allegations of Paragraph 4 of the Complaint.

## COUNT I

### INFRINGEMENT OF U.S. PATENT 5,813,343

5.  Paxar restates its responses to Paragraphs 1 through 4 above.

6.  Paxar admits that United States Patent No. 5,813,343 issued on September 29, 1998. Paxar admits that Douglas J. Harb is named as inventor by that patent and that the title of the patent is "Printing Media Roll Mounting and Positions Mechanism." Paxar denies that patent issued to Douglas J. Harb because the patent states that it is owned by Eltron International, Inc. Defendant Paxar Corporation denies that the patent duly and legally issued and denies each remaining allegation of Paragraph 6 of the Complaint.

7.  Paxar is without knowledge or information sufficient to form a belief as to the truth of the allgations of Paragraph 7 of the Complaint and therefore denies all such allegations.

8.  Paxar denies each and every allegation of Paragraph 8 of the Complaint.

9.  Paxar denies each and every allegation of Paragraph 9 of the Complaint.

10. Paxar Corporation admits that it has known of United States Patent No. 5,813,343 since about its issuance. Paxar Corporation denies that it has notice of that patent as required by 35 U.S.C. §287(a).

11. Paxar denies each and every allegation of Paragraph 11 of the Complaint.

12.     Paxar Corporation denies that ZIH has been harmed by any wrongful act of Defendant Paxar Corporation, denies that ZIH is entitled to any remedy and denies each remaining allegation of Paragraph 12 of the Complaint.

## COUNT II

### INFRINGEMENT OF U.S. PATENT 5,860,753

13.     Defendant Paxar Corporation restates its responses to paragraphs 1 through 12.

14.     Defendant Paxar Corporation admits that United States Patent No. 5,860,753 issued on January 19, 1999.  Defendant Paxar Corporation admits that David F. Beck et al. are named as inventors by that patent and that the title of the patent is "Mechanism For Centering Rolls of Paper Stock Supplied For Printing".  Paxar Corporation denies that patent issued to David F. Beck et al. since the patent states that it is owned by Comtec Information Systems, Inc. Defendant Paxar Corporation denies that the patent duly and legally issued and denies each remaining allegation of Paragraph 14 of the Complaint.

15.     Paxar is without knowledge or information sufficient to form a belief as to the truth of the allgations of Paragraph 15 of the Complaint and therefore denies all such allegations.

16.     Paxar denies each and every allegation of Paragraph 16 of the Complaint.

17.     Paxar denies each and every allegation of Paragraph 17 of the Complaint.

18.     Paxar Corporation admits that it has known of United States Patent No. 5,860,753 since about its issuance.  Paxar Corporation denies that it has notice of that patent as required by 35 U.S.C. §287(a).

19.     Paxar denies each and every allegation of Paragraph 19 of the Complaint.

20. Paxar Corporation denies that ZIH has been harmed by any wrongful act of Defendant Paxar Corporation, denies that ZIH is entitled to any remedy and denies each remaining allegation of Paragraph 20 of the Complaint.

## AFFIRMATIVE DEFENSES

21. The claims of the '753 patent are invalid for failure to comply with at least the provisions of 35 U.S.C. §§ 102, 103, and 112.

22. Paxar Corporation has not and is not infringing any valid claim of the '753 patent, either literally or under the doctrine of equivalents.

23. Plaintiff is asserting the '753 patent with knowledge that the patent cannot be both infringed and valid.

24. The claims of the '343 patent are invalid for failure to comply with at least the provisions of 35 U.S.C. §§ 102, 103, and 112.

25. Paxar Corporation has not and is not infringing any valid claim of the '343 patent, either literally or under the doctrine of equivalents.

26. Plaintiff has failed to show compliance with 35 U.S.C. § 287.

## COUNTERCLAIMS

27. Paxar Corporation's answers to paragraphs 1 – 20 and allegations of paragraphs 21 – 26 above are incorporated for these Counterclaims as though fully set forth herein.

28. These Counterclaims seek a declaratory judgment of patent invalidity, unenforceability and noninfringement and arise under the Patent Law of the United States, Title 35 of the United States Code.

29. This Court has jurisdiction over the subject matter of these Counterclaims pursuant to 28 U.S.C. §§ 1338, 2201 and 2202.

30. This action may be brought in this district pursuant to 28 U.S.C. § 1391.

31. Counterclaim-Plaintiff Paxar Corporation is a New York corporation having a place of business in White Plains, New York.

32. Counterclaim-Defendant ZIH Corporation alleges that it is a Delaware corporation having a usual place of business in Hamilton, Bermuda.

33. Counterclaim-Defendant ZIH Corporation has submitted to personal jurisdiction before this Court by bringing an action against Counterclaim-Plaintiff Paxar Corporation here.

34. Counterclaim-Defendant ZIH Corporation alleges that it is the owner by assignment of United States Patent No. 5,813,343 (the '343 patent) and United States Patent No. 5,860,753 (the '753 patent).

35. Counterclaim-Defendant ZIH Corporation alleges that Paxar Corporation has infringed and is infringing the '343 and '753 patents.

36. Upon information and belief, Counterclaim-Defendant ZIH Corporation did not conduct a reasonable investigation as to whether the Sierra Sport™ 2 printer infringes the '753 patent.

37. The baseless accusations of patent infringement made by Counterclaim-Defendant ZIH Corporation against Paxar Corporation are causing irreparable damage to Paxar Corporation.

38. Paxar Corporation is entitled to a judgment by this Court declaring the asserted '343 and '753 patents invalid and unenforceable and that no valid claims are infringed by Paxar Corporation, either literally or under the doctrine of equivalents.

39. Since the conduct of the Counterclaim-Defendant ZIH Corporation renders this case to be "exceptional" under 35 U.S.C. § 285, Paxar Corporation is entitled to recover its reasonable costs, expenses and attorneys' fees.

### COUNTERCLAIM COUNT I – NONINFRINGEMENT AND INVALIDITY OF U.S. PATENT NO. 5,813,343

40. Paxar Corporation's allegations of paragraphs 27 – 39 above are incorporated for this Counterclaim as though fully set forth herein.

41. Paxar Corporation does not infringe any valid claim of the '343 patent, either literally or under the doctrine of equivalents.

42. Each claim of the '343 patent is invalid for failure to comply with at least 35 U.S.C. §§ 102, 103, and 112.

43. An actual and justiciable controversy exists between Paxar Corporation and Counterclaim-Defendant ZIH Corporation with regard to invalidity and noninfringement of the '343 patent.

### COUNTERCLAIM COUNT II – NONINFRINGEMENT, INVALIDITY AND UNENFORCEABILITY OF U.S. PATENT NO. 5,860,753

44. Paxar Corporation's allegations of paragraphs 27 – 39 above are incorporated for this Counterclaim as though fully set forth herein.

45. Paxar Corporation does not infringe any valid claim of the '753 patent, either literally or under the doctrine of equivalents.

46. Each claim of the '753 patent is invalid for failure to comply with at least 35 U.S.C. §§ 102, 103, and 112 and unenforceable.

47. An actual and justiciable controversy exists between Paxar Corporation and Counterclaim-Defendant ZIH Corporation with regard to invalidity, unenforceability, and noninfringement of the '753 patent.

## JURY DEMAND

48. Paxar Corporation demands a trial by jury on all issues so triable in this Counterclaim.

## RELIEF REQUESTED

WHEREFORE, Defendant and Counterclaim-Plaintiff Paxar Corporation respectfully requests a judgment in its favor, including:

A. That the claims of the asserted '343 and '753 patents be declared invalid;

B. That the claims of the '753 patent be declared unenforceable;

C. That Paxar Corporation be declared not to have infringed any valid claims of the asserted patents, either literally or under the doctrine of equivalents;

D. That the claims for infringement of the asserted patents be dismissed with prejudice;

E. That Plaintiff be denied with prejudice all relief requested in its Complaint;

F. That the case be declared "exceptional" and that Paxar Corporation be awarded its expenses, costs and attorneys' fees pursuant to 35 U.S.C. § 285;

G. That Paxar Corporation be awarded its costs, attorneys' fees, and expenses incurred in this action pursuant to applicable state and federal laws; and

H. That the Court grant Paxar Corporation such other and further relief as the Court may deem just and proper.

| | |
|---|---|
| Date:  December 12, 2003 | Respectfully submitted,<br>PAXAR CORPORATION<br>By its Attorneys,<br><br>  /s/ Erik Paul Belt_____<br>Lee Carl Bromberg, BBO # 058480<br>Erik Paul Belt, BBO # 558620<br>Bromberg & Sunstein LLP<br>125 Summer Street<br>Boston, MA 02110<br>Tel: 617-443-9292<br>Fax: 617-443-0004<br>Email: ebelt@bromsun.com<br><br>Jean Dudek Kuelper, Esq.<br>Steven J. Hampton, Esq.<br>Sandra A. Frantzen, Esq.<br>McANDREWS, HELD & MALLOY LTD.<br>500 West Madison Street, Suite 3400<br>Chicago, IL  60661<br>Telephone: (312) 775-8000<br>Facsimile: (312) 775-8100 |

00001/00001  285185.1