FILED

IN THE UNITED STATES DISTRICT COURT FOR THE APR 2 3 2003
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

KENNETH J. MURPHY, Clerk
DAYTON, OHIO

PAXAR AMERICAS, INC.,                    )
                                         )
          Plaintiff,                     )        Civil Action No.
                                         )
     v.                                  )        C-3-03- 142
                                         )
ZEBRA TECHNOLOGIES                       )        WALTER HERBERT RICE
CORPORATION, ZIH CORPORATION,            )        JURY TRIAL DEMANDED
and ZEBRA TECHNOLOGIES                   )
INTERNATIONAL, LLC,                      )
                                         )
          Defendants.                    )

## COMPLAINT

Plaintiff, Paxar Americas, Inc. ("Paxar"), for its complaint for patent infringement against

Defendants, Zebra Technologies Corporation, ZIH Corporation, and Zebra Technologies

International, LLC (collectively "Zebra"), alleges as follows:

### BACKGROUND

1.     Paxar Americas, Inc., known for many years as Monarch Marking Systems, Inc.,

has long been an innovator in bar code printing.  Paxar's innovations have resulted in awards of

more than 125 patents by the United States Patent and Trademark Office. Paxar's competitors

have recognized the scope and value of Paxar's innovations by licensing rights to practice Paxar's

patented technology.

2.     John Paxton, Paxar's president in 1996, authorized claims against Comtec

Information Systems, Inc. ("Comtec") for infringement of ten United States Patents owned by

Paxar[1] including United States Patent Nos. 5,483,624 (the'"624 patent") and 5,594,838 (the "'838

_____

[1] At that time, Paxar was known as Monarch Marking Systems, Inc.

**EXHIBIT 1**
Civ. No. 03CV12358DPW

patent"). Mr. Paxton was familiar with Paxar's patented technology and the scope of Paxar's asserted patents. He was actively involved in Paxar's negotiations with Comtec which resulted in Comtec's agreement that it had infringed, was liable for contributory infringement, and for induced infringement of seven of those patents including the '624 and '838 patents. Comtec also agreed that all ten asserted patents were valid and enforceable. Comtec agreed to pay a royalty of 10 percent for use of the '624 and '838 patents.

3.  Defendant Zebra Technologies Corporation purchased Comtec Information Systems, Inc. in April 2000. In September 2001, Zebra Technologies Corporation refused to be bound by the settlement agreement between Comtec and Paxar.

4.  In February 2002, John Paxton, Paxar's former president, became Defendant Zebra Technologies Corporation's President of its Barcode Business Unit. Since Mr. Paxton joined Zebra Technologies Corporation, Zebra has sold and continues to offer for sale and sell products that infringe Paxar's patents as set out herein. Upon information and belief, despite Zebra's and John Paxton's knowledge of Paxar's patents, Zebra has deliberately disregarded and continues to deliberately disregard Paxar's patent rights by willfully infringing Paxar's patents.

## THE PARTIES

5.  Plaintiff Paxar Americas, Inc. is a corporation organized under the laws of the State of Delaware and has a principal place of business in Miamisburg, Ohio.

6.  Upon information and belief, Defendant Zebra Technologies Corporation is a corporation organized and existing under the laws of the State of Delaware, having a principal place of business at 333 Corporate Woods Parkway, Vernon Hills, Illinois 60061.

7.      Upon information and belief, Defendant Zebra Technologies Corporation is regularly transacting and continues to transact business nationally and within this judicial district. Upon information and belief, Zebra Technologies Corporation makes, sells, offers to sell and/or distributes label printers which are sold, offered for sale, and/or distributed under the name "Xi series", "TR 220", "QL 320", "PA 400" and "PT 400" and makes, sells, offers to sell and/or distributes a wireless communication device for communicating between handheld computers and printers under the name "Zebra Portable Radio" within this judicial district.

8.      Upon information and belief, Defendant Zebra Technologies International, LLC is limited liability company organized and existing under the laws of the State of Illinois, having a principal place of business at 333 Corporate Woods Parkway, Vernon Hills, Illinois 60061. Zebra Technologies International, LLC is a wholly owned subsidiary of Zebra Technologies Corporation.

9.      Upon information and belief, Defendant Zebra Technologies International, LLC is regularly transacting and continues to transact business nationally and within this judicial district. Upon information and belief, Zebra Technologies International, LLC makes, sells, offers to sell and/or distributes label printers which are sold, offered for sale, and/or distributed under the name "Xi series", "TR 220", "QL 320", "PA 400" and "PT 400" and makes, sells, offers to sell and/or distributes a wireless communication device for communicating between handheld computers and printers under the name "Zebra Portable Radio" within this judicial district.

10.      Upon information and belief, Defendant ZIH Corporation is a corporation organized and existing under the laws of the State of Delaware, having a principal place of

business at 333 Corporate Woods Parkway, Vernon Hills, Illinois 60061. ZIH is a wholly owned subsidiary of Zebra Technologies Corporation.

11.     Upon information and belief, Defendant ZIH Corporation is regularly transacting and continues to transact business nationally and within this judicial district. Upon information and belief, ZIH Corporation makes, sells, offers to sell and/or distributes label printers which are sold, offered for sale, and/or distributed under the name "Xi series", "TR 220", "QL 320", "PA 400" and "PT 400" and makes, sells, offers to sell and/or distributes a wireless communication device for communicating between handheld computers and printers under the name "Zebra Portable Radio" within this judicial district.

## JURISDICTION AND VENUE

12.     This action arises under the Patent Laws of the United States, 35 U.S.C. §§271, 281-285.

13.     This Court has jurisdiction over the subject matter of these patent infringement claims under 28 U.S.C. §§1331 and 1338(a).

14.     Venue is proper in this judicial district under 28 U.S.C. §§1391(b) and (c) and 1400(b).

## CLAIM I
## INFRINGEMENT OF U.S. PATENT NO. 5,483,624

15.     On January 9, 1996, United States Patent No. 5,483,624, a copy of which is attached hereto as Exhibit A, was duly and legally issued in the name of Amy S. Christopher, Donald A. Morrison, Mark W. Roth and Rex D. Watkins. Plaintiff Paxar is the owner, by assignment, of the '624 patent, with the right to bring actions for infringement.

-4-

16.     Plaintiff Paxar has marked label printers that it has manufactured and sold and that are within the scope of the '624 patent as being patented with the number of the '624 patent.

17.     Defendants have infringed and continue to infringe one or more claims of Plaintiff Paxar's '624 patent under 35 U.S.C. §271 by making, using, selling, and/or offering for sale label printers covered by that patent including printers designated Xi series printers without authority or license from Plaintiff Paxar.  Upon information and belief, Defendants will continue to infringe the '624 patent unless enjoined by this Court.

18.     Defendants are liable as contributory infringers of one or more claims of Plaintiff Paxar's '624 patent under 35 U.S.C. §271 for having sold and/or offered for sale and for continuing to sell and/or offer for sale without authority or license from Plaintiff Paxar, label printers, including printers designated Xi series printers, knowing that those printers comprise a material part of the invention of the '624 patent and that those printers are especially made or especially adapted for use in an infringement of the '624 patent and are not a staple article of commerce suitable for substantial noninfringing use.

19.     Defendants are also liable as contributory infringers of one or more claims of Plaintiff Paxar's '624 patent under 35 U.S.C. §271 for having sold and/or offered for sale and for continuing to sell and/or offer for sale without authority or license from Plaintiff Paxar, label printers, including printers designated TR 220 "Integrated, Scan-and-Print Mobile Printer" "for one-handed scanning and printing", knowing that those printers comprise a material part of the invention of the '624 patent and that those printers are especially made or especially adapted for use in an infringement of the '624 patent and are not a staple article of commerce suitable for

substantial noninfringing use. Upon information and belief, Defendants will continue to commit acts of contributory infringement of the '624 patent unless enjoined by this Court.

20.    Defendants are liable for inducement of infringement of one or more claims of Plaintiff Paxar's '624 patent under 35 U.S.C. §271 for aiding and abetting infringement of the '624 patent by making and selling the Xi series printers knowing of, instructing, and encouraging use of those printers in a way that infringes the '624 patent.

21.    Defendants are also liable for inducement of infringement of one or more claims of Plaintiff Paxar's '624 patent under 35 U.S.C. §271 for aiding and abetting infringement of the '624 patent by making and selling the TR 220 "Integrated, Scan-and-Print Mobile Printer" "for one-handed scanning and printing" knowing of, instructing, and encouraging use of that printer in combination with handheld devices in a combination that infringes the '624 patent. Upon information and belief, Defendants will continue to induce infringement of the '624 patent unless enjoined by this Court.

22.    Plaintiff Paxar has been damaged by Defendants' infringement, acts of contributory infringement, and inducement of infringement of the '624 patent and will suffer additional and irreparable damage unless this Court enjoins Defendants, under 35 U.S.C. §283, from continuing their infringement, acts of contributory infringement, and inducement of infringement of Paxar's '624 patent.

23.    Plaintiff Paxar has no adequate remedy at law for Defendants' infringement, contributory infringement, or inducement of infringement of the '624 patent.

24.    Upon information and belief, Defendants' infringement of the '624 patent, Defendants' acts of contributory infringement of the '624 patent, and Defendants' inducement of

infringement of the '624 patent have been deliberate and willful, and with knowledge of Plaintiff

Paxar's '624 patent, entitling Plaintiff Paxar to an assessment of treble damages against

Defendants under 35 U.S.C. §284, and making this an exceptional case entitling Plaintiff Paxar

to, *inter alia*, an award of attorneys' fees under 35 U.S.C. § 285.

## CLAIM II
## INFRINGEMENT OF U.S. PATENT NO. 5,594,838

25.    Plaintiff Paxar realleges and incorporates herein by reference the allegations set

forth in paragraphs 1-14.

26.    On January 14, 1997, United States Patent No. 5,594,838, a copy of which is

attached hereto as Exhibit B, was duly and legally issued in the name of Amy S. Christopher,

Donald A. Morrison, Mark W. Roth, Rex D. Watkins, Dale E. Lamprecht Jr. and James E.

Globig. Plaintiff Paxar is the owner, by assignment, of the '838 patent, with the right to bring

actions for infringement.

27.    Plaintiff Paxar has marked label printers that it has manufactured and sold and

that are within the scope of the '838 patent as being patented with the number of the '838 patent.

28.    Defendants are liable as contributory infringers of one or more claims of Plaintiff

Paxar's '838 patent under 35 U.S.C. §271 for having sold and/or offered for sale and for

continuing to sell and/or offer for sale without authority or license from Plaintiff Paxar, label

printers, including printers designated TR 220 "Integrated, Scan-and-Print Mobile Printer" "for

one-handed scanning and printing", knowing that those printers comprise a material part of the

invention of the '838 patent and that those printers are especially made or especially adapted for

use in an infringement of the '838 patent and are not a staple article of commerce suitable for

substantial noninfringing use. Upon information and belief, Defendants will continue to commit acts of contributory infringement of the '838 patent unless enjoined by this Court.

29. Defendants are liable for inducement of infringement of one or more claims of Plaintiff Paxar's '838 patent under 35 U.S.C. §271 for aiding and abetting infringement of the '624 patent by making and selling the TR 220 "Integrated, Scan-and-Print Mobile Printer" "for one-handed scanning and printing" knowing of, instructing, and encouraging use of that printer in combination with handheld devices in a combination that infringes the '838 patent. Upon information and belief, Defendants will continue to induce infringement of the '838 patent unless enjoined by this Court.

30. Plaintiff Paxar has been damaged by Defendants' acts of contributory infringement and inducement of infringement of the '838 patent and will suffer additional and irreparable damage unless this Court enjoins Defendants, under 35 U.S.C. §283, from continuing their acts of contributory infringement and inducement of infringement of Paxar's '838 patent.

31. Plaintiff Paxar has no adequate remedy at law for Defendants' contributory infringement or inducement of infringement of the '838 patent.

32. Upon information and belief, Defendants' acts of contributory infringement and inducement of infringement of the '838 patent have been deliberate and willful, and with knowledge of Plaintiff Paxar's '838 patent, entitling Plaintiff Paxar to assessment of treble damages against Defendants under 35 U.S.C. §284, and making this an exceptional case entitling Plaintiff Paxar to, *inter alia*, an award of attorneys' fees under 35 U.S.C. §285.

## CLAIM III
## INFRINGEMENT OF U.S. PATENT NO. 5,805,779

33.    Plaintiff Paxar realleges and incorporates herein by reference the allegations set forth in paragraphs 1-14.

34.    On September 8, 1998, United States Patent No. 5,805,779 (the "'779 patent"), a copy of which is attached hereto as Exhibit C, was duly and legally issued in the name of Amy S. Christopher, Donald A. Morrison, Mark W. Roth and Rex D. Watkins. Plaintiff Paxar is the owner, by assignment, of the '779 patent, with the right to bring actions for infringement.

35.    Plaintiff Paxar has marked label printers that it has manufactured and sold and that are within the scope of the '779 patent as being patented with the number of the '779 patent.

36.    Defendants have infringed and continue to infringe one or more claims of Plaintiff Paxar's '779 patent under 35 U.S.C. § 271 by making, using, selling, and/or offering for sale label printers covered by that patent including printers designated Xi series printers without authority or license from Plaintiff Paxar. Upon information and belief, Defendants will continue to infringe the '779 patent unless enjoined by this Court.

37.    Plaintiff Paxar has been damaged by Defendants' infringement and will suffer additional and irreparable damage unless this Court enjoins Defendants, under 35 U.S.C. §283, from continuing its infringement of Paxar's '779 patent.

38.    Plaintiff Paxar has no adequate remedy at law for Defendants' infringement of the '779 patent.

39.    Upon information and belief, Defendants' infringement of the '779 patent has been deliberate and willful, and with knowledge of Plaintiff Paxar's '779 patent, entitling Plaintiff Paxar to assessment of treble damages against Defendants under 35 U.S.C. §284, and making

this an exceptional case entitling Plaintiff Paxar to, *inter alia*, an award of attorneys' fees under 35 U.S.C. §285.

**CLAIM IV**
**INFRINGEMENT OF U.S. PATENT NO. 6,163,538**

40.    Plaintiff Paxar realleges and incorporates herein by reference the allegations set forth in paragraphs 1-14.

41.    On December 19, 2000, United States Patent No. 6,163,538 (the "'538 patent"), a copy of which is attached hereto as Exhibit D, was duly and legally issued in the name of John P. Brown, Terry L. Tincher and Donald A. Morrison. Plaintiff Paxar is the owner, by assignment, of the '538 patent, with the right to bring actions for infringement.

42.    Plaintiff Paxar has marked label printers that it has manufactured and sold and that are within the scope of the '538 patent as being patented with the number of the '538 patent.

43.    Defendants have infringed and continue to infringe one or more claims of Plaintiff Paxar's '538 patent under 35 U.S.C. § 271 by making, using, selling, and/or offering for sale label printers and wireless communication devices for handheld computers including the QL 320 printer and the Zebra Portable Radio that are covered by that patent without authority or license from Plaintiff Paxar. Upon information and belief, Defendants will continue to infringe the '538 patent unless enjoined by this Court.

44.    Defendants are liable as contributory infringers of one or more claims of Plaintiff Paxar's '538 patent under 35 U.S.C. §271 for having sold and/or offered for sale and for continuing to sell and/or offer for sale without authority or license from Plaintiff Paxar, label printers and wireless communication devices, including the QL 320 printer and the Zebra Portable Radio, knowing that those printers and wireless communication devices comprise a

material part of the invention of the '538 patent and are especially made or especially adapted for use in an infringement of the '538 patent and are not a staple article of commerce suitable for substantial noninfringing use.

45.    Defendants are also liable as contributory infringers of one or more claims of Plaintiff Paxar's '538 patent under 35 U.S.C. §271 for having sold and/or offered for sale and for continuing to sell and/or offer for sale without authority or license from Plaintiff Paxar, label printers and wireless communication devices, including the QL 320 printer and the Zebra Portable Radio, knowing that those printers and wireless communication devices are especially made or especially adapted for infringement in practicing a material part of the process of the '538 patent and are not a staple article of commerce suitable for substantial noninfringing use. Upon information and belief, Defendants will continue to commit acts of contributory infringement of the '538 patent unless enjoined by this Court.

46.    Defendants are liable for inducement of infringement of one or more claims of Plaintiff Paxar's '538 patent under 35 U.S.C. §271 for aiding and abetting infringement of the '538 patent by making and selling the QL 320 printers and the Zebra Portable Radio wireless communication device knowing of, instructing, and encouraging use of those printers and devices in a way that infringes the '538 patent.

47.    Plaintiff Paxar has been damaged by Defendants' infringement, contributory infringement, and inducement of infringement of the '538 and will suffer additional and irreparable damage unless this Court enjoins Defendants, under 35 U.S.C. §283, from continuing their infringement of Paxar's '538 patent.

48. Plaintiff Paxar has no adequate remedy at law for Defendants' infringement, contributory infringement, or inducement of infringement of the '538 patent.

49. Upon information and belief, Defendants' infringement of the '538 patent, Defendants' acts of contributory infringement of the '538 patent, and Defendants' inducement of infringement of the '538 patent has been deliberate and willful, and with knowledge of Plaintiff Paxar's '538 patent, entitling Plaintiff Paxar to assessment of treble damages against Defendants under 35 U.S.C. §284, and making this an exceptional case entitling Plaintiff Paxar to, *inter alia*, an award of attorneys' fees under 35 U.S.C. §285.

## CLAIM V
## INFRINGEMENT OF U.S. PATENT NO. 4,652,317

50. Plaintiff Paxar realleges and incorporates herein by reference the allegations set forth in paragraphs 1-14.

51. On March 24, 1987, United States Patent No. 4,652,317 (the "'317 patent"), a copy of which is attached hereto as Exhibit E, was duly and legally issued in the name of Frank E. Seestrom.

52. Plaintiff Paxar has an exclusive license in the '317 patent for a field of use that includes bar code printing devices and handheld electronic or mechanical printers or labelers from the owner of the '317 patent, Pitney Bowes Inc. That license grants Paxar the exclusive right to prosecute any infringement of the '317 patent in the exclusively licensed field.

53. Defendants are liable as contributory infringers of one or more claims of the '317 patent under 35 U.S.C. §271 for having sold and/or offered for sale and for continuing to sell and/or offer for sale without authority or license from Plaintiff Paxar, label printers, including printers designated TR 220 "Integrated, Scan-and-Print Mobile Printer" "for one-handed

-12-

scanning and printing", knowing that those printers comprise a material part of the invention of the '317 patent and that those printers are especially made or especially adapted for use in an infringement of the '317 patent and are not a staple article of commerce suitable for substantial noninfringing use. Upon information and belief, Defendants will continue to infringe the '317 patent unless enjoined by this Court.

54. Defendants are liable for inducement of infringement of one or more claims of Plaintiff Paxar's '317 patent under 35 U.S.C. §271 for aiding and abetting infringement of the '317 patent by making and selling the TR 220 "Integrated, Scan-and-Print Mobile Printer" "for one-handed scanning and printing" knowing of, instructing, and encouraging use of that printer in combination with handheld devices in a combination that infringes the '317 patent. Upon information and belief, Defendants will continue to induce infringement of the '317 patent unless enjoined by this Court.

55. Plaintiff Paxar has been damaged by Defendants' acts of contributory infringement and inducement of infringement of the '317 patent and will suffer additional and irreparable damage unless this Court enjoins Defendants, under 35 U.S.C. §283, from continuing their acts of contributory infringement and inducement of infringement of the '317 patent.

56. Plaintiff Paxar has no adequate remedy at law for Defendants' contributory infringement or inducement of infringement of the '317 patent.

57. Upon information and belief, Defendants' acts contributory of infringement and inducement of infringement of the '317 patent have been deliberate and willful, and with knowledge of the '317 patent, entitling Plaintiff Paxar to assessment of treble damages against

-13-

Defendants under 35 U.S.C. §284, and making this an exceptional case entitling Plaintiff Paxar to, *inter alia*, an award of attorneys' fees under 35 U.S.C. §285.

**CLAIM VI**
**INFRINGEMENT OF U.S. PATENT NO. 5,833,800**

58.    Plaintiff Paxar realleges and incorporates herein by reference the allegations set forth in paragraphs 1-14.

59.    On September 8, 1998, United States Patent No. 5,833,800 (the "'800 patent"), a copy of which is attached hereto as Exhibit F, was duly and legally issued in the name of Brent E. Goodwin, Thomas P. Keller, James E. Makley and Mark W. Moore.  Plaintiff Paxar is the owner, by assignment, of the '800 patent, with the right to bring actions for infringement.

60.    Plaintiff Paxar has marked label printers that it has manufactured and sold and that are within the scope of the '800 patent as being patented with the number of the '800 patent.

61.    Defendants have infringed and continue to infringe one or more claims of Plaintiff Paxar's '800 patent under 35 U.S.C. § 271 by making, using, selling, and/or offering for sale label printers covered by that patent including printers designated TR 220 "Integrated, Scan-and-Print Mobile Printer" "for one-handed scanning and printing" and printers designated QL 320 without authority or license from Plaintiff Paxar.  Upon information and belief, Defendants will continue to infringe the '800 patent unless enjoined by this Court.

62.    Plaintiff Paxar has been damaged by Defendants' infringement of the '800 patent and will suffer additional and irreparable damage unless this Court enjoins Defendants, under 35 U.S.C. §283, from continuing their infringement of Paxar's '800 patent.

63.    Plaintiff Paxar has no adequate remedy at law for Defendants' infringement of the '800 patent.

-14-

64.    Upon information and belief, Defendants' infringement of the '800 patent has been deliberate and willful, and with knowledge of Plaintiff Paxar's '800 patent, entitling Plaintiff Paxar to assessment of treble damages against Defendants under 35 U.S.C. §284, and making this an exceptional case entitling Plaintiff Paxar to, *inter alia*, an award of attorneys' fees under 35 U.S.C. §285.

### CLAIM VII
### INFRINGEMENT OF U.S. PATENT NO. 6,386,775

65.    Plaintiff Paxar realleges and incorporates herein by reference the allegations set forth in paragraphs 1-14.

66.    On November 10, 1998, United States Patent No. 6,386,775 (the "'775 patent"), a copy of which is attached hereto as Exhibit G, was duly and legally issued in the name of Brent E. Goodwin, Thomas P. Keller, James E. Makley and Mark W. Moore. Plaintiff Paxar is the owner, by assignment, of the '775 patent, with the right to bring actions for infringement.

67.    Defendants have infringed and continue to infringe one or more claims of Plaintiff Paxar's '775 patent under 35 U.S.C. § 271 by making, using, selling, and/or offering for sale label printers covered by that patent including printers designated PA 400 and printers designated PT 400 without authority or license from Plaintiff Paxar. Upon information and belief, Defendants will continue to infringe the '775 patent unless enjoined by this Court.

68.    Plaintiff Paxar has been damaged by Defendants' infringement of the '775 patent and will suffer additional and irreparable damage unless this Court enjoins Defendants, under 35 U.S.C. §283, from continuing their infringement of Paxar's '775 patent.

69.    Plaintiff Paxar has no adequate remedy at law for Defendants' infringement of the '775 patent.

70.    Upon information and belief, Defendants' infringement of the '775 patent has deliberate and willful, and with knowledge of Plaintiff Paxar's '775 patent, entitling Plaintiff Paxar to assessment of treble damages against Defendants under 35 U.S.C. §284, and making this an exceptional case entitling Plaintiff Paxar to, *inter alia*, an award of attorneys' fees under 35 U.S.C. §285.

## CLAIM VIII
## INFRINGEMENT OF U.S. PATENT NO. 6,533,476

71.    Plaintiff Paxar realleges and incorporates herein by reference the allegations set forth in paragraphs 1-14.

72.    On March 18, 2003, United States Patent No. 6,533,476 (the "'476 patent"), a copy of which is attached hereto as Exhibit H, was duly and legally issued in the name of Paul H. Harnisch Jr. and John D. Mistyurik. Plaintiff Paxar is the owner, by assignment, of the '476 patent, with the right to bring actions for infringement.

73.    Defendants have infringed and continue to infringe one or more claims of Plaintiff Paxar's '476 patent under 35 U.S.C. § 271 by making, using, selling, and/or offering for sale label printers covered by that patent including printers designated PT 400 without authority or license from Plaintiff Paxar. Upon information and belief, Defendants will continue to infringe the '476 patent unless enjoined by this Court.

74.    Plaintiff Paxar has been damaged by Defendants' infringement of the '476 patent and will suffer additional and irreparable damage unless this Court enjoins Defendants, under 35 U.S.C. §283, from continuing their infringement of Paxar's '476 patent.

75.    Plaintiff Paxar has no adequate remedy at law for Defendants' infringement of the '476 patent.

76.     Upon information and belief, Defendants' infringement of the '476 patent has been deliberate and willful, and with knowledge of Plaintiff Paxar's '476 patent, entitling Plaintiff Paxar to assessment of treble damages against Defendants under 35 U.S.C. §284, and making this an exceptional case entitling Plaintiff Paxar to, *inter alia*, an award of attorneys' fees under 35 U.S.C. §285.

## RELIEF

WHEREFORE, Plaintiff Paxar requests judgment against Defendants and respectfully prays that this Court enter orders which:

(a)     Preliminarily and permanently enjoin Defendants and their officers, agents, employees and all others acting in concert or participation with it from further acts of infringement, contributory infringement, and inducement of infringement of Plaintiff Paxar's United States Patent Nos. 5,483,624, 5,594,838, 5,805,779, 6,163,538, 4,652,317, 5,833,800, 6,386,775, and 6,533,476;

(b)     Provide for an accounting of profits or damages to be assessed by or under the Court's direction, and award to Plaintiff Paxar the damages it has incurred by reason of Defendants' acts of infringement, together with pre- and post-judgment interest as allowed by law;

(c)     Award to Plaintiff Paxar three times the damages it has incurred, by reason of the willful and deliberate nature of Defendants' acts of infringement;

(d)     Award to Plaintiff Paxar its costs and expenses of this action as allowed by law, together with its reasonable attorneys' fees for bringing and prosecuting this action; and

(e)    Award to Plaintiff Paxar such other and further relief that the Court may deem just and proper.

## JURY TRIAL DEMANDED

Pursuant to Federal Rule of Civil Procedure 38, Plaintiff Paxar demands a trial by jury on all issues so triable.

Date: April 23, 2003

David C. Greer, Esq. Trial Attorney (#0009090)
Michael W. Krumholtz, Esq. Trial Attorney (#0009099)
BIESER, GREER & LANDIS
400 National City Center
6 North Main Street
Dayton, OH 45402
ATTORNEYS FOR PLAINTIFF
PAXAR AMERICAS, INC.

OF COUNSEL

Jean D. Kuelper, Esq.
Steven J.Hampton, Esq.
McANDREWS, HELD AND MALLOY
500 West Madison Street
34th Floor
Chicago, Illinois 60661
(312) 775-8000

 **Zebra Technologies Corporation**
333 Corporate Woods Parkway
Vernon Hills, Illinois 60061.3109 U.S.A.
Telephone +1.847.793.6772
Facsimile +1.847.821.1492
nelfant@elfant.com

**Noel Elfant**
Vice President and General Counsel

<u>By Overnight Courier</u>
(937-865-2012)

May 30, 2003

Joe Grass, Esq.
Paxar Americas, Inc.
105 Corporate Park Dr.
White Plains, NY 10604

Re:    Zebra and Paxar Patent Issues

Dear Joe:

As you know, Zebra Technologies and Paxar Americas, Inc. months ago began negotiating an OEM agreement that both companies expected to result in a productive business relationship. Those negotiations stalled when Paxar filed a patent infringement suit against Zebra. The suit was filed virtually on the heels of what appeared to be a very productive face-to-face meeting at Zebra's headquarters with members of Paxar's management team, and the suit alleges infringement by some of the very products that Paxar seeks to have Zebra manufacture for it. We understand that Paxar has decided it would prefer to resolve the patent issues between the companies before renewing negotiations toward the OEM arrangement.

In connection with that proposal, I would like to invite you and Mr. Jim Martin, and any others that you feel may be helpful to the discussion, to visit Zebra's headquarters on Friday, June 6, from 10 a.m. until 2 p.m. CT, in order to negotiate an amicable resolution of these issues.

In connection with that meeting and so that you can be prepared to discuss a broad settlement of our issues, we have identified the following Zebra patents that we believe should be of interest to Paxar.

> US 6,261,013 for "Door Mounted Roll Support"
> US 5,813,343 for "Printing Media Roll Mounting and Positioning Mechanism"
> US 5,860,753 for "Mechanism for Centering Rolls of Paper Stock Supply for
>        Printing"
> US 5,267,800 for "Miniature Portable Interactive Printer"
> US 5,997,193 for "Miniature Portable Interactive Printer, Network Printer"

**EXHIBIT 2**
Civ No 03CV12358DPW

Joe Grass, Esq.
Paxar Americas, Inc.
May 30, 2003
Page 2

These patents appear to us to cover a number of Paxar products including Paxar's Sierra, Rascal and RF Link products. In preparation for our meeting, we ask that you take the time to consider this issue. We would appreciate hearing Paxar's view concerning the relevance of these patents to Paxar's products.

As we work together to resolve our differences, please understand that Zebra respects other companies' intellectual property rights just as we expect other companies to respect Zebra's intellectual property rights. Zebra is one of the leading global providers of thermal bar code label and receipt printers, card printers, RFID smart label printer/encoders, supplies, label design/integration software, and the widest range of thermal printer connectivity and networking solutions. Zebra has devoted substantial resources to researching and developing innovative technology in these areas. We have made a substantial investment in securing our intellectual property rights, including by building a robust patent portfolio to protect Zebra's proprietary technology.

We are hopeful of your availability on June 6 so that we can resolve all of our outstanding patent issues amicably and allow our business people to move on to discussing business issues, including the proposed OEM arrangement.

Very truly yours,

Noel Elfant

**Paxar Corporation**
170 Monarch Lane
Miamisburg, OH 45342
(937) 865-2012
(937) 865-6778 FAX

# PAXAR

June 4, 2003

Noel Elfant, Esq.
Vice President and General Counsel
Zebra Technologies Corporation
333 Corporate Woods Parkway
Vernon Hills, IL 60061

Dear Noel:

John Paxton and Comtec, prior to their affiliation with Zebra, had agreed that a number of Paxar patents, now at issue here, are valid and entitled to a 10% royalty. When Paxar learned that Zebra had copied Paxar's patented inventions across Zebra's product line with knowledge of the patents and the agreement, the Complaint was filed charging Zebra with willful infringement.

In response to receipt of the Complaint, John Paxton advised us that we would shortly receive Zebra's position with respect to the eight Paxar patents at issue. Instead, we received your letter of May 30, 2003 which failed to address a single one of Paxar's patents after nearly six weeks has passed. Rather, your letter identified three Comtec and two Eltron patents that you believe cover Paxar's products.

It is apparent from the Comtec and Eltron patents identified that Zebra has not performed a Rule 11 due diligence review of Paxar's products, the patents, their prosecution history or the prior art. The five patents are not valid and/or infringed. Further, from a review of the patents, it appears to us that, not only has Zebra copied Paxar's products with wanton and willful disregard for our patents, but Zebra has obtained patents on technology that Zebra (Comtec/Eltron) did not invent but copied from others and mainly from Paxar.

Your assertion of the Comtec 5,267,800 patent is particularly egregious. Zebra advised us almost two years ago that "we [Zebra] consider this matter closed."

**EXHIBIT 3**
Civ No 03CV12358DPW

Noel Elfant, Esq.
June 4, 2003
Page 2

In view of your failure to provide Zebra's position with respect to Paxar's eight patents and your unsupported charge of infringement of invalid patents, a meeting on June 6 would not be worthwhile. We will proceed accordingly.

As a further note, your letter of May 30th was not received until June 2nd because it was misdirected. In the future, please address your letters to me at the above address where you have called me in the past.

Very truly yours,

*Joseph J. Grass*

Joseph J. Grass
Attorney At Law
Pc: J. Kuelper, Esq.
    Jim Martin

*FILED*

NOV 2 5 2003

IN THE UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

*DAYTON, OHIO    Clerk*

PAXAR AMERICAS, INC.,            )
                                 )    C-3-03-  417
        Plaintiff,               )
                                 )    Civil Action No.
    v.                           )
                                 )    WALTER HERBERT RICE
ZIH CORP.                        )
                                 )    **JURY TRIAL DEMANDED**
        Defendant.               )
                                 )

## COMPLAINT FOR DECLARATORY JUDGMENT

Plaintiff, Paxar Americas, Inc. ("Paxar Americas"), for its complaint for declaratory judgment against Defendant ZIH Corp. ("ZIH"), alleges as follows that United States Nos. 5,813,343 and 5,860,753 are invalid, not enforceable, and/or not infringed by Paxar Americas:

### THE PARTIES

1.      Paxar Americas, Inc., known for many years as Monarch Marking Systems, Inc., has long been an innovator in bar code printing. Paxar Americas' innovations have resulted in awards of more than 125 patents by the United States Patent and Trademark Office. Paxar Americas' competitors have recognized the scope and value of Paxar Americas' innovations by licensing rights to practice Paxar Americas' patented technology.

2.      Plaintiff Paxar Americas, Inc. is a corporation organized under the laws of the State of Delaware and has a principal place of business in Miamisburg, Ohio.

3.      Upon information and belief, Defendant ZIH Corp. is a corporation organized and existing under the laws of the State of Delaware, having a usual place of business in Hamilton, Bermuda.

**EXHIBIT 4**
Civ. No 03CV12358DPW

## JURISDICTION AND VENUE

4.    This action arises under the Patent Laws of the United States, 35 U.S.C. §1 *et seq*.

5.    This Court has jurisdiction over the subject matter of these claims under 28 U.S.C. §§1331, 1338(a), 2201 and 2202.

6.    Venue is proper in this judicial district under 28 U.S.C. §§1391(b) and (c).

## CLAIM I
### NON-INFRINGEMENT, INVALIDITY, AND UNENFORCEABILITY OF U.S. PATENT NO. 5,813,343

7.    Paxar Americas designed a portable printer identified by Paxar Americas as the "Sierra Sport™ 2." Since at least late 2000 has made and sold in the United States Sierra Sport™ 2 printers. Paxar Americas continues to make and sell in the United States Sierra Sport™ 2 printers.

8.    On information and belief, Defendant ZIH is the assignee and owner of United States Patent No. 5,813,343 entitled "Printing Media Roll Mounting and Positioning Mechanism" ('343 patent).

9.    Defendant ZIH has asserted that Paxar Americas' Sierra Sport™ 2 infringes the '343 patent by filing an action accusing Paxar Corporation, the parent company of Paxar Americas, of infringing the '343 patent for having offered for sale and sold Paxar Americas' Sierra Sport™ 2.

10.    An actual controversy exists between Paxar Americas and ZIH regarding invalidity, unenforceability, and/or noninfringement of the '343 patent.

-2-

## CLAIM II

### NON-INFRINGEMENT, INVALIDITY, AND UNENFORCEABILITY OF
### U.S. PATENT NO. 5,860,753

11.    Plaintiff Paxar Americas realleges and incorporates herein by reference the allegations set forth in paragraphs 1-7.

12.    On information and belief, Defendant ZIH is the assignee and owner of United States Patent No. 5,860,753 entitled "Mechanism for Centering Rolls Of Paper Stock Supplied for Printing" ('753 patent).

13.    Defendant ZIH has asserted that Paxar Americas' Sierra Sport™ 2 infringes the '753 patent by filing an action accusing Paxar Corporation, the parent company of Paxar Americas, of infringing the '753 patent for having offered for sale and sold Paxar Americas' Sierra Sport™ 2.

14.    An actual controversy exists between Paxar Americas and ZIH regarding invalidity, unenforceability, and/or noninfringement of the '753 patent.

### RELIEF

WHEREFORE, Plaintiff Paxar Americas requests judgment against ZIH and respectfully prays that this Court enter orders which:

(a)    Declare that the '343 and '753 patents are invalid and unenforceable;

(b)    Declare that Paxar Americas does not make, offer for sale, or sell any product that infringes, directly or contributorily, any claim of the '343 and '753 patents;

(c)    Enjoin ZIH, its agents, servants, employees and attorneys, and all those in active participation or privity with any of them, from charging Paxar Americas or its agents, distributors, or customers with infringement of the '343 and '753 patents, from representing to

-3-

others that Paxar Americas is liable for patent infringement of the '343 and '753 patents, and from otherwise interfering in any way with Paxar Americas' manufacture, use, offer for sale, or sale of Paxar Americas' Sierra Sport™ 2 portable printers;

(d)   Award to Paxar Americas its costs, expenses and attorneys fees of this action and such other further relief as the Court may deem just and proper.

## JURY TRIAL DEMANDED

Pursuant to Federal Rule of Civil Procedure 38, Plaintiff Paxar Americas demands a trial by jury on all issues so triable.

Date: November 25, 2003

David C. Greer, Esq. (Ohio Reg. #0009090)
Michael W. Krumholtz, Esq. (Ohio Reg. #0009099)
BIESER, GREER & LANDIS
400 National City Center
6 North Main Street
Dayton, OH 45402
ATTORNEYS FOR PLAINTIFF
PAXAR AMERICAS, INC.

OF COUNSEL

Jean D. Kuelper, Esq.
Steven J. Hampton, Esq.
McANDREWS, HELD AND MALLOY
500 West Madison Street
34th Floor
Chicago, Illinois 60661
(312) 775-8000

-4-

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF OHIO**
**WESTERN DIVISION**

| | | |
|---|---|---|
| **PAXAR AMERICAS, INC.,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| v. | ) | **Case No. 3:03cv00417-WHR** |
| | ) | |
| **ZIH CORP.** | ) | **Judge Walter H. Rice** |
| **Defendant.** | ) | |

**ZIH CORP.'S MOTION TO DISMISS PAXAR AMERICAS, INC.'S COMPLAINT**
**FOR LACK OF PERSONAL JURISDICTION AND, ALTERNATIVELY, UNDER**
**THE "FIRST-TO-FILE" RULE**

Defendant ZIH Corp. moves the Court to dismiss Paxar Americas, Inc.'s declaratory judgment complaint under Fed. R. Civ. P. 12(b)(2) because the Court lacks personal jurisdiction over ZIH Corp. In the alternative, ZIH moves the Court to dismiss Paxar's complaint under the "first-to-file" rule.

As set forth in more detail in the accompanying memorandum, Paxar' declaratory judgment complaint omits any allegation that this Court has personal jurisdiction over ZIH. The conspicuous absence of such a fundamental allegation from Paxar's complaint is understandable, because Zebra has no contacts with the state of Ohio. The basis for Paxar's complaint – ZIH's earlier filing of a patent infringement complaint in the District of Massachusetts – did not occur in Ohio. In addition, ZIH does not reside in or conduct any business in Ohio. Thus, the Court lacks personal jurisdiction over ZIH.

In addition, the Court should dismiss Paxar's complaint under the "first-to-file" rule because Paxar's complaint involves nearly the identical parties and issues as ZIH's earlier-filed and still pending Massachusetts complaint. Both complaints concern

1

**EXHIBIT 5**
Civ. No. 03CV12358DPW

whether Paxar's Sierra Sport 2 printer infringes two ZIH patents. To prevent inefficiency and nearly identical lawsuits from being concurrently tried in two federal courts, the Court should dismiss Paxar's later-filed complaint to allow ZIH's patent infringement suit to proceed in ZIH's first-chosen forum - Massachusetts.

For the foregoing reasons and those set forth in the accompanying memorandum, Paxar Americas' complaint should be dismissed.


       **s/ Lawrence E. Barbiere**
Lawrence E. Barbiere
Ohio Bar Number: 0027106
Attorney for Defendants, ZIH Corp.
**SCHROEDER, MAUNDRELL, BARBIERE & POWERS**
11935 Mason Road, Suite 110
Cincinnati, OH 45249
(513) 583-4200
(513) 583-4203 (fax)
Email: lbarbiere@schroederlaw.com

Of counsel:
Douglas J. Kline
William A. Meunier
Brian M. Gaff
Testa, Hurwitz & Thibeault LLC
**Attorneys for Defendant ZIH Corp**
125 High Street
Boston, Massachusetts 02110
(617) 248-7000

## M E M O R A N D U M

The Court should dismiss Paxar Americas, Inc.'s declaratory judgment complaint because the Court lacks personal jurisdiction over ZIH Corp.  In addition, the Court should dismiss the complaint because Paxar filed it solely as a retaliatory measure, in response to ZIH's *earlier* filed complaint on *exactly the same issues*.

Paxar' declaratory judgment complaint omits any allegation that this Court has personal jurisdiction over ZIH.  The conspicuous absence of such a fundamental allegation from Paxar's complaint is understandable, because Zebra has no contacts with the state of Ohio.  The basis for Paxar's complaint – ZIH's earlier filing of a patent infringement complaint in the District of Massachusetts – did not occur in Ohio.  In addition, ZIH does not reside in or conduct any business in Ohio.  Thus, the Court lacks personal jurisdiction over ZIH.

In addition, the Court should dismiss Paxar's complaint under the "first-to-file" rule because Paxar's complaint involves "nearly [the] identical parties and issues" as ZIH's earlier-filed and still pending Massachusetts complaint.  Both complaints concern whether Paxar's Sierra Sport 2 printer infringes two ZIH patents.  To prevent inefficiency and nearly identical lawsuits from being concurrently tried in two federal courts, the Court should dismiss Paxar's later-filed complaint.  ZIH's patent infringement suit should proceed in ZIH's first-chosen forum - Massachusetts.

3

## Background Facts

On November 21, 2003, ZIH filed a complaint against Paxar Americas' parent company, Paxar Corporation, in the U.S. District Court for the District of Massachusetts. ZIH's complaint alleges that Paxar's Sierra Sport 2 printer infringes ZIH's U.S. Patent Nos. 5,813,343 and 5,860,753. (Exhibit A). ZIH seeks to enjoin Paxar, including all of its subsidiaries and affiliates, from manufacturing or selling the Sierra Sport 2 printer anywhere in the United States. (Exhibit A). ZIH served its complaint at Paxar's Massachusetts office on November 24, 2003.

Paxar has not yet answered ZIH's Massachusetts complaint. Instead, on November 25, 2003 – the very next day following ZIH's service of its Massachusetts complaint – Paxar filed this lawsuit through its subsidiary, Paxar Americas.[1] Paxar has asked this Court to declare invalid, unenforceable, and not infringed by its Sierra Sport 2 printer, the same patents that ZIH has asserted against Paxar (and its Sierra Sport 2 printer, in particular) in Massachusetts. (Exhibit B at 3-4). In short, Paxar has asked this court to wrest ZIH's earlier filed case away from Massachusetts.

Paxar omitted from its second-filed complaint any allegation that this Court has personal jurisdiction over ZIH. Rather, Paxar has identified the sole basis for this Ohio action as ZIH suing Paxar *in Massachusetts*. Moreover, Paxar has alleged that ZIH "is a corporation organized and existing under the laws of the State of *Delaware*, having a usual place of business in *Hamilton, Bermuda*." (Exhibit B at 1) (emphasis added).

---

[1] Paxar has filed a patent infringement complaint in U.S. District Court for the Southern District of Ohio against ZIH Corp., Zebra Technologies Corporation, and Zebra Technologies International LLC. However, Paxar's patent infringement complaint has no bearing on personal jurisdiction in this suit because, among other reasons, ZIH has challenged personal jurisdiction in Paxar's other suit and Paxar's patent infringement complaint does not concern the products or patents at issue in ZIH's Massachusetts lawsuit and this action.

Paxar has not alleged any ZIH contacts (relevant or otherwise) with Ohio. Paxar cannot, because ZIH has none. (Exhibit C, Declaration of Steven W. Hantelman).

**Argument**

**I.    The Court Lacks Personal Jurisdiction Over ZIH**

    **A.    Paxar's Burden**

Paxar bears the burden of proving that the Court has personal jurisdiction over ZIH. <u>Compuserve, Inc. v. Patterson</u>, 89 F.3d 1257, 1262 (6th Cir. 1996). To meets its burden, Paxar cannot rely on its pleadings, but must "set forth specific facts showing that the court has jurisdiction." <u>Theunissen v. Matthews</u>, 935 F.2d 1454, 1458 (6th Cir. 1991); <u>SRECO-Flexible, Inc. v. Fernandez</u>, 2003 U.S. Dist. LEXIS 16592 at *4 (N.D. Ohio 2003). Accordingly, Paxar must identify specific facts showing that (1) ZIH is subject to personal jurisdiction in Ohio under Ohio's long-arm statute; and (2) the exercise of jurisdiction would not offend the due process clause of the United States Constitution. <u>Calphalon Corp. v. Rowlette</u>, 228 F.3d 718, 721 (6th Cir. 2000); <u>SRECO-Flexible</u>, 2003 U.S. Dist. LEXIS 16592 at *5-6.

The standard used to determine whether Paxar has met its burden in opposing this Rule 12(b)(2) motion to dismiss varies with the method chosen by the Court. <u>Theunissen</u>, 935 F.2d at 1458. If the Court holds an evidentiary hearing to resolve questions of fact, then Paxar must establish personal jurisdiction by a preponderance of the evidence. <u>Serras v. First Tennessee Bank Nat'l Ass'n</u>, 875 F.2d 1212, 1214 (6th Cir. 1989). In the absence of an evidentiary hearing, Paxar must make a "prima facie" showing of personal jurisdiction, based on a view of the pleadings and any affidavits in light most favorable to Paxar. <u>Calphalon</u>, 228 F.3d at 721. Paxar has not and cannot meet either standard.

5

## B.    Ohio's Long-Arm Statute Is Not Satisfied

Paxar fails to allege any facts showing that ZIH is subject to personal jurisdiction under the Ohio long-arm statute, which states that personal jurisdiction over an out-of-state defendant arises only where the alleged cause of action arises from the defendant:

(1) Transacting any business in this state;

(2) Contracting to supply services or goods in this state;

(3) Causing tortious injury . . . in this state;

(4) Causing tortious injury in this state by an act . . outside this state if he regularly does or solicits business, or engages in other persistent course of conduct, or derives substantial revenues from goods used or consumed or services rendered in this state . . .;

(5) Causing injury in this state to any person by breach of warranty . . .;

(6) Causing tortious injury in this state to any person by an act outside this state committed with the purpose of injuring persons . . .;

(7) Causing tortious injury to any person by a criminal element, any element of which takes place in this state . . . ;

(8) Having an interest in, using, or possessing real property in this state;

(9) Contracting to insure any person, property, or risk located within this state . . . .

O.R.C. § 2307.382(A) & (C).

6

Paxar has not alleged that its declaratory judgment cause of action arises from any such acts by ZIH in or directed toward Ohio. To the contrary, Paxar's cause of action arises from ZIH's actions *in Massachusetts*, i.e., the earlier filing of a lawsuit in Massachusetts District Court asserting that Paxar's Sierra Sports 2 printer infringes ZIH's patents. Indeed, Paxar has not alleged that ZIH conducted *any* act in or directed toward Ohio, much less any act that forms the basis for Paxar's declaratory judgment action. Accordingly, the Court does not have personal jurisdiction over ZIH under Ohio's long-arm statute.

### C. Exercising Personal Jurisdiction Over ZIH Would Violate Federal Due Process

"Because [Paxar] has failed to establish facts sufficient to find personal jurisdiction over [ZIH] under Ohio's long-arm statute, it is unnecessary for the court to engage in an analysis of the constitutionality of asserting jurisdiction over [ZIH]." See SRECO-Flexible, 2003 U.S. Dist. LEXIS 16592 at *13. Nonetheless, Paxar also has failed to establish that exercising personal jurisdiction over ZIH complies with federal due process.

"[W]hen analyzing personal jurisdiction [in a patent case] for purposes of compliance with federal due process, Federal Circuit law, rather than regional circuit law, applies." 3D Systems, Inc. v. Aarotech Laboratories, Inc., 160 F.3d 1373, 1377 (Fed. Cir. 1998). Under the Federal Circuit's three-element test, the Court can exercise specific jurisdiction in compliance with federal due process only if (1) ZIH purposefully directed its activities at residents of Ohio; (2) Paxar's claim arises out of or relates to those activities; and (3) the assertion of personal jurisdiction is reasonable and fair. 3D Systems, 160 F.3d at 1378.

7

ZIH's allegations of patent infringement that form the basis for Paxar's claim took place in Massachusetts and were directed at Paxar Corporation, a New York corporation with its principal place of business in New York. (Exhibit D). Thus, none of the three required elements are satisfied here: (1) ZIH did not purposefully direct its activities at an Ohio resident; (2) Paxar' claim does not arise from any activities directed at an Ohio resident; and (3) the exercise of personal jurisdiction in Ohio would therefore not be reasonable or fair.

That Paxar Americas, although a Delaware corporation, allegedly transacts business in Ohio does not change the analysis because ZIH's infringement allegations did not take place in and were not directed towards Ohio: ZIH's patent infringement complaint was filed and served on Paxar Corporation *in Massachusetts.* Moreover, even if ZIH's Massachusetts complaint could be construed as an allegation of infringement directed towards an Ohio resident, the Federal Circuit has repeatedly held that a patentee who merely accuses the resident of a state of patent infringement does not subject itself to personal jurisdiction in that state. E.g., Hildebrand v. Steck Manufacturing Co., Inc., 279 F.2d F.3d 1351, 1356 (Fed. Cir. 2002); Red Wing Shoe Co. v. Hockerson-Halberstadt, Inc., 148 F.3d 1355 (Fed. Cir. 1998).

Accordingly, exercising personal jurisdiction over ZIH in Ohio would violate federal due process. Thus, the Court should dismiss Paxar's complaint for lack of personal jurisdiction.

## II.    The Court Should Dismiss Paxar's
Second-Filed Complaint Under The First-To-File Rule

"The first-to-file rule is a well-established doctrine that encourages comity among federal courts of equal rank." Zide Sport Shop of Ohio, Inc. v. Ed Tobergte Associates, Inc., 2001 U.S. App. LEXIS 17225 at **7 (6th Cir. 2001) (attached as Exhibit E).[2] Under the first-to-file rule, "when two suits have substantially the same purpose and the jurisdiction of the courts is concurrent," the court whose jurisdiction was first invoked by the filing of a complaint is the one that should proceed. Penn General Casualty Co. v. Commonwealth of Pennsylvania, 294 U.S. 189, 196 (1935) (affirming dismissal of second-filed action); Barber-Greene Co. v. Blaw-Knox Co., 239 F.2d 774, 778 (6th Cir. 1957); see also Zide Sport Shop, 2001 U.S. App. LEXIS 17225 at **7-8. Dismissing the second-filed lawsuit in favor of the first prevents the wasting of judicial resources and the possibility of inconsistent judgments.

The first-to-file rule applies here. ZIH filed its Massachusetts complaint *before* Paxar filed this Ohio complaint. Moreover, the two complaints involve the identical issues – whether Paxar's Sierra Sport 2 printer infringes two ZIH patents – and nearly identical parties – ZIH and two Paxar entities: Paxar Corporation and its wholly-owned subsidiary, Paxar Americas. "[W]hen actions involving nearly identical parties and issues have been filed in two different district courts, the court in which the first suit was filed should generally proceed to judgment." Zide Sport Shop, 2001 U.S. App. LEXIS 17225 at **7-8 (internal quotation and citation omitted). Accordingly, this Court should dismiss Paxar's second-filed complaint to allow ZIH's first-filed Massachusetts

---

[2] Although the Zide Sport Shop decision is unpublished, it is apparently the only Sixth Circuit decision explicitly addressing the first-to-file rule. Accordingly, ZIH cites to and attaches a copy of the decision under Sixth Circuit Rule 28(g).

9

complaint to proceed to judgment.

Paxar can not avoid the first-to-file rule by having filed this declaratory judgment action in the name of its wholly-owned subsidiary, rather than in its own name. This Circuit recognizes that "a precise identity of parties is simply not required [for the first-to-file rule to apply]." Plating Resources, Inc. v. UTI Corp., 47 F. Supp. 2d 899, 904 (N.D. Ohio 1999). Rather, the first-to-file rule should be applied where the issues raised in the two suits "have such an identity that a determination in one action leaves little or nothing to be determined in the other." Smith v. S.E.C., 129 F.3d 356, 361 (6th Cir. 1997); see also Thomas & Betts Corp. v. Hayes, 222 F. Supp. 2d 994, 995-96 (W.D. Tenn. 2002) (citing Smith, 129 F.3d at 361, and Plating Resources, 47 F. Supp. 2d at 903).

Such identity exists here. The issue to be determined in both lawsuits is whether Paxar's Sierra Sport 2 printer infringes a valid claim of ZIH's patents. Paxar's website lists the Sierra Sport 2 printer as a product sold by Paxar *Corporation*. (Exhibit F). If, as Paxar implies in its second-filed complaint, Paxar Corporation sells or manufactures its Sierra Sport 2 printer through its wholly-owned subsidiary, Paxar Americas, then whether such manufacture and sales constitute infringement and should be enjoined will be addressed and decided in the ZIH's first-filed Massachusetts lawsuit. This is the identical issue that Paxar asks the Court to decide in its later complaint. Thus, a determination in the first-filed Massachusetts action will leave nothing to be determined in this second-filed action.

Abbott Laboratories, Inc. v. Mead Johnson & Co., 1998 U.S. Dist. LEXIS 12317 (S.D. Ohio 1998), similarly illustrates why Paxar cannot evade the first-to-file rule here.

In <u>Abbott</u>, Bristol-Meyers had filed a complaint against Abbott, seeking a declaratory judgment of non-infringement and patent invalidity. <u>Id.</u> at *1. Abbott responded by filing a complaint for patent infringement against Bristol-Meyers' wholly-owned subsidiary, Mead Johnson, charging the subsidiary with infringement of the same patents that were the subject of Bristol-Meyers' first-filed complaint. <u>Id.</u> Abbott argued that the first-to-file rule did not apply because the parent corporation was its opposing party in the first suit and the wholly-owned subsidiary was its opposing party in the second suit. <u>Id.</u> at *10.

The Court rejected this argument, noting that "a precise identity of the parties . . . is simply not required." <u>Id.</u> The Court found that there was no meaningful difference between the parent corporation and its subsidiary because their "interests are exactly the same, and [the parent corporation] adequately represents those interest in the [earlier-filed] case." <u>Id.</u> Therefore, the Court applied the first-to-file rule despite the fact that the parties in the two suits were not identical. <u>Id.</u>

As in <u>Abbott</u>, there is no meaningful difference between Paxar Corporation and its wholly-owned subsidiary. Both have the same interest -- whether the Sierra Sport 2 printer infringes ZIH's patents -- and Paxar Corporation adequately represents that interest in ZIH's Massachusetts lawsuit. Accordingly, the first-to-file rule applies here and the Court should dismiss this action in favor of ZIH's earlier Massachusetts action.

## Conclusion

For the foregoing reasons, the Court should dismiss Paxar Americas' complaint.

      __s/ Lawrence E. Barbiere_____
Lawrence E. Barbiere
Ohio Bar Number: 0027106
Attorney for Defendants, ZIH Corp.
SCHROEDER, MAUNDRELL, BARBIERE & POWERS
11935 Mason Road, Suite 110
Cincinnati, OH  45249
(513) 583-4200
(513) 583-4203 (fax)
Email:  lbarbiere@schroederlaw.com

Of counsel:
Douglas J. Kline
William A. Meunier
Brian M. Gaff
Testa, Hurwitz & Thibeault LLC
Attorneys for Defendant ZIH Corp
125 High Street
Boston, Massachusetts 02110
(617) 248-7000

## CERTIFICATE OF SERVICE

I hereby certify that on **December 11th, 2003**,  I electronically filed the foregoing with the Clerk of the Court using the CM/ECFF system which will send notification to the following: Michael W. Krumholtz, Esq., **Attorney for Plaintiff**, and I hereby certify that I have mailed by United States Postal Service the document to the following non-CM/ECF participants: Jean M. Kuelper, Esq., Sandra A. Franzen, Esq., and Steve J. Hampton, Esq., **Attorneys for Plaintiff.**

      _____**s/ Lawrence E. Barbiere**_____
Lawrence E. Barbiere
Ohio Bar Number: 0027106

IN THE UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

PAXAR AMERICAS, INC.,                )
                                     )
              Plaintiff,             )        Civil Action No.
                                     )
      v.                             )
                                     )
ZIH CORP. and ZEBRA TECHNOLGOIES     )        **JURY TRIAL DEMANDED**
CORPORATION,                         )
                                     )
              Defendants.            )

**AMENDED COMPLAINT FOR DECLARATORY JUDGMENT
UNDER FED. R. CIV. P. RULES 15(A) AND 20(A)**

Plaintiff, Paxar Americas, Inc. ("Paxar Americas"), for its complaint for declaratory judgment against Defendants ZIH Corp. ("ZIH") and Zebra Technologies Corporation ("Zebra"), alleges as follows that United States Patent Nos. 5,813,343 and 5,860,753 are invalid, not enforceable, and/or not infringed by Paxar Americas:

**THE PARTIES**

1.      Paxar Americas, Inc., known for many years as Monarch Marking Systems, Inc., has long been an innovator in bar code printing. Paxar Americas' innovations have resulted in awards of more than 125 patents by the United States Patent and Trademark Office. Paxar Americas' competitors have recognized the scope and value of Paxar Americas' innovations by licensing rights to practice Paxar Americas' patented technology.

2.      Plaintiff Paxar Americas, Inc. is a corporation organized under the laws of the State of Delaware and has a principal place of business in Miamisburg, Ohio.

**EXHIBIT 6**
Civ. No. 03CV12358DPW

3. Upon information and belief, Defendant ZIH Corp. is a corporation organized and existing under the laws of the State of Delaware, having a usual place of business in Hamilton, Bermuda.

4. Upon information and belief, Defendant Zebra Technologies Corporation is a corporation organized and existing under the laws of the State of Delaware, having a principal place of business at 333 Corporate Woods Parkway, Vernon Hills, Illinois 60061.

5. Defendant ZIH Corp. is a wholly owned subsidiary of Defendant Zebra Technologies Corporation.

### JURISDICTION AND VENUE

6. This action arises under the Patent Laws of the United States, 35 U.S.C. §1 *et seq.*

7. This Court has jurisdiction over the subject matter of these claims under 28 U.S.C. §§1331, 1338(a), 2201 and 2202.

8. Defendant Zebra Technologies Corporation is regularly transacting and continues to transact business within this judicial district.

9. Defendant Zebra Technologies Corporation regularly sells products in this judicial district. Defendant Zebra Technologies Corporation has had systematic and continuous contacts in this judicial district. Defendant Zebra Technologies Corporation has derived substantial revenues from its sales in this district.

10. Defendant ZIH Corp. is a holding company for assets including the patents of Defendant Zebra Technologies Corporation and Zebra Technologies Corporation's subsidiaries.

11. Defendant Zebra Technologies Corporation assigns all of its patents to Defendant ZIH Corp.

-2-

12.    Eltron International, Inc. as part of Defendant Zebra Technologies Corp. or as a subsidiary thereof, assigned its United States Patent No. 5,813,343 patent to Defendant ZIH Corp.

13.    Comtec Information Systems, Inc. as part of Defendant Zebra Technologies Corp. or as a subsidiary thereof, assigned its United States Patent No. 5,860,753 patent to Defendant ZIH Corp.

14.    Defendant ZIH Corp. has granted back to Defendant Zebra Technologies Corporation a license to use ZIH Corp. patents and to mark Defendant Zebra Technologies Corporation's products as covered by Defendant ZIH Corp.'s patents.

15.    Defendant Zebra Technologies Corporation sells products in the Southern District of Ohio bearing the patent number of Defendant ZIH Corp.'s United States Patent No. 5,813,343.

16.    Edward Kaplan is the Chairman of the Board and Chief Executive Officer of both Defendant ZIH Corp. and Defendant Zebra Technologies Corporation.

17.    Noel Elfant is the Vice President and General Counsel for Defendant Zebra Technologies Corporation. Noel Elfant is also the General Counsel for Defendant ZIH Corp.

18.    A majority of the directors and/or officers of Defendant ZIH Corp. are also directors and/or officers of Defendant Zebra Technologies Corporation.

19.    Noel Elfant accepted service for Defendant ZIH Corp. in action no. C-3-03-142 pending in this Court. Noel Elfant wrote to Paxar Americas' counsel that he would accept service for Defendant ZIH Corp. on letterhead that identified him as Vice President and General Counsel for Defendant Zebra Technologies Corporation.

-3-

20.    On or about May 30, 2003, Noel Elfant as Vice President and General Counsel for Defendant Zebra Technologies Corporation sent a letter to counsel for Paxar Americas, a corporation having its principal place of business in Miamisburg, Ohio. In that letter, Mr. Elfant asserted five patents assigned to Defendant ZIH Corp. against Plaintiff Paxar Americas, including U.S. Patent Nos. 5,813,343 and 5,860,753. A true and accurate copy of that letter is attached as Exhibit 1.

21.    Noel Elfant as Vice President and General Counsel for Defendant Zebra Technologies Corporation wrote a number of letters to Paxar Corp. in Dayton, Ohio to negotiate a resolution of action no. C-3-03-142 pending in this Court involving Plaintiff Paxar Americas and Defendants ZIH Corp. and Zebra Technologies Corporation.

22.    Based on its regular sales and transactions within this judicial district, this Court has personal jurisdiction over Defendant Zebra Technologies Corporation. Defendant Zebra Technologies Corporation has acknowledged that this Court has personal jurisdiction over it in action no. C-3-03-142 pending in this Court.

23.    Based on the contacts of Defendants ZIH Corp. with this judicial district, this Court has personal jurisdiction over Defendant ZIH Corp. Additionally, based at least on the contacts of Defendant Zebra Technologies Corporation with this district and the relationship between Defendant ZIH Corp. and Defendant Zebra Technologies Corporation, this Court has personal jurisdiction over Defendant ZIH Corp.

24.    Venue is proper in this judicial district under 28 U.S.C. §§1391(b) and (c).

## CLAIM I

## NON-INFRINGEMENT, INVALIDITY, AND UNENFORCEABILITY OF
## U.S. PATENT NO. 5,813,343

25.    Plaintiff Paxar Americas realleges and incorporates herein by reference the allegations set forth in paragraphs 1-24.

26.    Paxar Americas designed a portable printer identified by Paxar Americas as the "Sierra Sport™ 2." Since at least late 2000 has made and sold in the United States Sierra Sport™ 2 printers. Paxar Americas continues to make and sell in the United States Sierra Sport™ 2 printers.

27.    Defendant ZIH has alleged that it is the assignee and owner of United States Patent No. 5,813,343 entitled "Printing Media Roll Mounting and Positioning Mechanism" ('343 patent).

28.    In a letter dated May 30, 2003, Defendant Zebra Technologies Corporation asserted that Paxar Americas infringes the '343 patent.

29.    Defendant ZIH has asserted that Paxar Americas' Sierra Sport™ 2 infringes the '343 patent by filing an action accusing Paxar Corporation, the parent company of Paxar Americas, of infringing the '343 patent for having offered for sale and sold Paxar Americas' Sierra Sport™ 2.

30.    An actual controversy exists between Paxar Americas and Defendants ZIH and Zebra Technologies Corporation regarding invalidity, unenforceability, and/or noninfringement of the '343 patent.

## CLAIM II

### NON-INFRINGEMENT, INVALIDITY, AND UNENFORCEABILITY OF
### U.S. PATENT NO. 5,860,753

31.     Plaintiff Paxar Americas realleges and incorporates herein by reference the allegations set forth in paragraphs 1-30.

32.     Defendant ZIH has alleged that it is the assignee and owner of United States Patent No. 5,860,753 entitled "Mechanism for Centering Rolls Of Paper Stock Supplied for Printing" ('753 patent).

33.     In a letter dated May 30, 2003, Defendant Zebra Technologies Corporation asserted that Paxar Americas infringes the '753 patent.

34.     Defendant ZIH has asserted that Paxar Americas' Sierra Sport™ 2 infringes the '753 patent by filing an action accusing Paxar Corporation, the parent company of Paxar Americas, of infringing the '753 patent for having offered for sale and sold Paxar Americas' Sierra Sport™ 2.

35.     An actual controversy exists between Paxar Americas and Defendants ZIH and Zebra Technologies Corporation regarding invalidity, unenforceability, and/or noninfringement of the '753 patent.

### RELIEF

WHEREFORE, Plaintiff Paxar Americas requests judgment against ZIH and Zebra Technologies Corporation and respectfully prays that this Court enter orders which:

(a)     Declare that the '343 and '753 patents are invalid and unenforceable;

(b)     Declare that Paxar Americas does not make, offer for sale, or sell any product that infringes, directly or contributorily, any claim of the '343 and '753 patents;

-6-

(c)    Enjoin ZIH and Zebra Technologies Corporation, its agents, servants, employees and attorneys, and all those in active participation or privity with any of them, from charging Paxar Americas or its agents, distributors, or customers with infringement of the '343 and '753 patents, from representing to others that Paxar Americas is liable for patent infringement of the '343 and '753 patents, and from otherwise interfering in any way with Paxar Americas' manufacture, use, offer for sale, or sale of Paxar Americas' Sierra Sport$^{TM}$ 2 portable printers;

(d)    Award to Paxar Americas its costs, expenses and attorneys fees of this action and such other further relief as the Court may deem just and proper.

### JURY TRIAL DEMANDED

Pursuant to Federal Rule of Civil Procedure 38, Plaintiff Paxar Americas demands a trial by jury on all issues so triable.


Date:  December 17, 2003                    **s/Michael W. Krumholtz**
                                            David C. Greer, Esq. (Ohio Reg. #0009090)
                                            Michael W. Krumholtz, Esq. (Ohio Reg. #0009099)
                                            BIESER, GREER & LANDIS
                                            400 National City Center
                                            6 North Main Street
                                            Dayton, OH 45402
                                            ATTORNEYS FOR PLAINTIFF
                                            PAXAR AMERICAS, INC.


OF COUNSEL

Jean Dudek Kuelper, Esq.
Steven J. Hampton, Esq.
Sandra A. Frantzen, Esq.
McANDREWS, HELD AND MALLOY
500 West Madison Street
34th Floor
Chicago, Illinois 60661
(312) 775-8000

-7-