## IN THE UNITED STATES DISTRICT COURT FOR THEDISTRICT OF MASSACHUSETTS

| | |
|---|---|
| ZIH CORP., | )<br>)<br>) |
| Plaintiff, | ) CA No. 03-CV-12358-DPW<br>) (Alexander, M.J.) |
| v. | )<br>) |
| PAXAR CORPORATION | )<br>) |
| Defendant. | )<br>) |

### DECLARATION OF ROBERT S. STONE

I Robert S. Stone declare and state as follows:

1. I am vice president, general counsel, and secretary of Paxar Corporation.

2. Paxar Corporation is a New York corporation with a principal place of business in White Plains, New York.

3. Monarch Marking Systems, Inc. was a Delaware corporation having its principal place of business in Miamisburg, Ohio. The business of Monarch Marking Systems, Inc. included design, manufacture, and sales of printers. Paxar Corporation acquired Monarch Marking Systems, Inc. in 1997. Monarch Marking Systems, Inc. remained a separate corporate entity but became a subsidiary of Paxar Corporation.

4. In December 2002, Paxar Corporation transferred operating assets to its subsidiary Monarch Marking Systems, Inc. In January 2003, Monarch Marking Systems, Inc. changed its name to Paxar Americas, Inc. Paxar Corporation continues to exist as a holding company.

*Declaration of Robert S. Stone*

5. Since January 2003, Paxar Corporation does not have any offices or personnel in Massachusetts. The Foxboro, Massachusetts office that was formerly a Paxar Corporation office is now operated by Paxar Americas, Inc. and is staffed only by employees of Paxar Americas, Inc.

6. During at most an eleven-month period in 2002, Paxar Corporation employees sold printers that were designed and manufactured by Monarch Marking Systems, Inc.

7. All records of sales of printers during the period that Paxar Corporation employees sold printers are now kept by Paxar Americas, Inc.

8. Paxar Corporation does not presently sell and since January 2003 has not sold printers in Massachusetts or any place else.

9. Paxar Corporation exercises no control and has never exercised any control over the design, structure, operation, construction, or manufacture of printers made by Monarch Marking Systems, Inc. or Paxar Americas, Inc.

10. The Southern District of Ohio has specific personal jurisdiction over Paxar Corporation for the claims raised in the suit in this Court.

I declare under penalty of perjury that the statements made by me in this declaration are true and correct.

DATED this 16th day of December, 2003.          /s/Robert S. Stone
                                                       Robert S. Stone