UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| ZIH Corp., <br><br> Plaintiff, <br><br> v. <br><br> Paxar Corporation, <br><br> Defendant. | C.A. No.: 1:03-cv-12358-DPW |

**PLAINTIFF ZIH CORP.'S OPPOSITION TO DEFENDANT'S MOTION TO TRANSFER**

Paxar Corporation's motion to transfer this action to the Southern District of Ohio is designed, not to serve the convenience of *both* parties as required under 28 U.S.C. § 1404(a), but to allow Paxar to circumvent the first-to-file rule and to have this dispute decided in the forum of defendant Paxar's choosing, rather than in the forum in which plaintiff ZIH Corp. first filed this action – Massachusetts. To that end, Paxar claims in the very first sentence of its motion "that there are already two pending cases [in the Southern District of Ohio] related to this action." Paxar's claim is incorrect. The first of those cases has no relation to this action: it concerns *different* patents and *different* accused products. In addition, while the second suit is a Paxar declaratory judgment action concerning the same patents and products at issue in this patent infringement case, it was not "already pending" as Paxar asserts. Rather, as Paxar well knows, Paxar filed its corresponding Ohio declaratory judgment action only *after* ZIH filed this action in Massachusetts, and in response to ZIH's filing of this action.

Paxar's omissions and misrepresentations do not stop there. Although Paxar moves to transfer venue under 28 U.S.C. § 1404(a), it fails to recognize that in deciding a § 1404(a) motion, "there is a *strong* presumption in favor of plaintiff's forum choice."[1]  Nor does Paxar identify or attempt to meet

---

[1] Nowak v. Tak How Investments, Ltd., 94 F.3d 708, 719 (1st Cir. 1996)(emphasis added).

its burden of proof in its papers: "plaintiff's choice of forum will be disturbed only rarely,"[2] and only where the movant has made a clear showing of facts that either "(1) establish such oppressiveness and vexation to a defendant as to be out of all proportion to plaintiff's convenience, which may be shown to be slight or nonexistent, or (2) make trial in the chosen forum inappropriate because of considerations affecting the court's own administrative or legal problems."[3]

Paxar's omissions presumably stem from its inability to meet the high burden of proof required to overcome the strong presumption favoring this forum. Paxar has identified none of the special circumstances necessary to overcome plaintiff ZIH's choice of forum. Rather, Paxar's arguments boil down to nothing more than its assertion that it would be more convenient for Paxar to defend this lawsuit in Ohio than in Massachusetts. Of course, the same could be said for almost every defendant litigating in a foreign forum, and this Court therefore recognizes that "the presumption in favor of plaintiff's choice of forum renders transfer inappropriate where the effect is merely to shift the inconvenience from one party to the other."[4]

In addition to seeking to inconvenience ZIH, Paxar's motivation for its attempt to evade the first-to-file rule is evidenced by its actions in its unrelated patent infringement action in Ohio, where it sought and the Ohio Court granted a significantly extended pretrial schedule. For example, the Ohio Court has not scheduled trial until *October 2005*, approximately two-and-one-half years from the date Paxar filed its complaint. Paxar's evident desire to impede similarly the progress and resolution of ZIH's claims by transferring this action to the same Ohio court goes against the very purpose of a § 1404 transfer – whereas § 1404 permits transfers that would serve "the interest of justice," Paxar's requested transfer of this case from a Massachusetts forum that would allow for a speedy and efficient

---

[2] Id.
[3] Veryfine Products, Inc. v. Phlo Corporation, 124 F. Supp. 2d 16, 21 (D. Mass. 2000).
[4] Sigros v. Walt Disney World Co., 129 F. Supp. 2d 56, 70 (D. Mass. 2001).

resolution of the parties' dispute would only serve to *obstruct* justice.

The Court should therefore deny Paxar's motion to transfer and allow this action to proceed in ZIH's first chosen forum – Massachusetts.

## I.     Background Facts

**A.     ZIH's First-Filed Massachusetts Lawsuit**

ZIH filed its complaint in this Court on November 21, 2003, alleging that defendant Paxar Corporation's Sierra Sport 2 printer infringes ZIH's U.S. Patent Nos. 5,813,343 and 5,860,753 ("the patents-in-suit"). Paxar Corporation admittedly is a New York (not Ohio) corporation. Its principal place of business is in White Plains, New York, not Ohio.

Paxar Corporation admits that it sold the accused Sierra Sport 2 printer in Massachusetts for at least an eleven-month period in 2002. And although Paxar Corporation contends that it now sells the Sierra Sport 2 through its wholly-owned subsidiary, Paxar Americas, the Sierra Sport 2 is still listed and offered for sale on Paxar *Corporation's* website as a Paxar *Corporation* product. (Exhibits A-C). Likewise, although Paxar Corporation now contends that it no longer operates its Foxboro, Massachusetts office, its website still lists its Foxboro office as its New England Regional Sales office. (Exhibit D).

If, as Paxar Corporation now contends, it is selling and manufacturing its accused Sierra Sport 2 printer through its wholly owned Paxar Americas subsidiary, then whether such sale and manufacture constitutes infringement and should be enjoined is properly raised in ZIH's complaint. For example, ZIH's complaint alleges not only that Paxar Corporation has sold the Sierra Sport 2 printer, but also that it has induced and contributed to the sale of the infringing Sierra Sport 2 printer. Moreover, ZIH's complaint specifically requests an injunction prohibiting Paxar Corporation and "its agents" and "all other persons in active concert or participation with" Paxar Corporation from

infringing the patents-in-suit. The requested injunction thus covers the infringing activities of Paxar Corporation's subsidiaries, including Paxar Americas. Paxar's allegation that ZIH's complaint somehow hides this requested relief from the Court is baseless.

Moreover, the Scheduling Order that this Court issues following the upcoming January 26, 2004, Scheduling Conference, undoubtedly will include a deadline for adding parties to this action. If, as Paxar now argues, Paxar Americas should be added as a defendant to this suit, ZIH will move to add Paxar Americas in a timely manner. Nevertheless, regardless of whether Paxar Americas is added to this suit, the first-to-file rule applies – Paxar does not argue otherwise – and Paxar's second-filed Ohio declaratory judgment action should be dismissed in favor of ZIH's first-filed Massachusetts patent infringement complaint.

**B.      Paxar's Second-Filed Ohio Declaratory Judgment Action**

Paxar Corporation's immediate reaction to ZIH's filing of this patent infringement action was to file, through its Paxar Americas subsidiary, a corresponding declaratory judgment action in the Southern District of Ohio. Although Paxar misleadingly asserts that its Ohio action was "already pending," Paxar in fact filed its declaratory judgment complaint four days *after* ZIH filed this action, and one day *after* it received service of ZIH's first-filed Massachusetts complaint.

In its Ohio declaratory judgment action, Paxar asks the Ohio court to find that the patents asserted by ZIH in this lawsuit (and no others) are invalid and not infringed by Paxar's Sierra Sport 2 printer. In short, Paxar has asked the Ohio court to wrest ZIH's earlier-filed suit from this Court.

Accordingly, ZIH moved to dismiss Paxar's complaint (without answering it) pursuant to the first-to-file rule, as well as for lack of personal jurisdiction over ZIH. Rather than opposing ZIH's motion to dismiss, Paxar instead filed an amended complaint (adding an additional party) in an attempt to avoid dismissal for lack of personal jurisdiction. Shortly thereafter, Paxar filed its pending motion

4

to dismiss this action. Neither of these tactics should succeed, however, because Paxar still cannot establish that the Ohio court has personal jurisdiction over ZIH. In addition, the first-to-file rule should preclude Paxar's second-filed Ohio action. Accordingly, ZIH intends to file a timely motion to dismiss Paxar's amended, Ohio declaratory judgment complaint.

C.     **Paxar's Unrelated Ohio Action**

Paxar's motion to dismiss also relies heavily on a lawsuit that it filed in Ohio in April 2003. However, Paxar's reliance is misplaced because that Ohio lawsuit has no relation to ZIH's Massachusetts action or to Paxar's corresponding declaratory judgment complaint.

In the April 2003 lawsuit, Paxar Americas accuses Zebra Technologies Corporation, Zebra Technologies International, and ZIH of infringing numerous U.S. patents. Paxar filed this lawsuit secretly, while it and Zebra Technologies Corporation were attempting to negotiate a business relationship. When Zebra Technologies Corporation discovered and contacted Paxar about the complaint, Paxar represented that the complaint had been filed as a result of a misunderstanding between Paxar and its attorney and assured Zebra Technologies Corporation that Paxar would not serve the complaint. Several weeks after this assurance, Paxar served the complaint.

The complaint named ZIH as a defendant even though ZIH does not engage in any of the allegedly infringing acts (i.e., ZIH does not manufacture, sell, use, or offer for sale any of the alleged infringing products). More significant to Paxar's pending motion, however, is that Paxar Americas' allegations in the April 2003, Ohio lawsuit do not concern any of the patents asserted in this lawsuit, nor do they concern the accused Sierra Sport 2 printer.

Paxar nonetheless argues that its April 2003 lawsuit is somehow related to ZIH's own infringement action and Paxar's resulting declaratory judgment action because Zebra Technologies Corporation sent Paxar a letter (addressed to New York, not Ohio) asserting that certain Paxar

5

products infringe certain patents. Paxar offers no explanation as to how this letter somehow makes its April 2003 lawsuit interrelated with this suit. There is none. The suits concern different patents and different accused products. Accordingly, none of the issues addressed in these lawsuits will overlap, and discovery and a determination of infringement and validity in this Massachusetts action will have no bearing on that in Paxar Americas' unrelated April 2003 action.

This distinction between the cases is confirmed by Paxar's decision to bring its declaratory judgment action in response to ZIH's Massachusetts infringement action as an *independent and separate action*. Paxar did not amend its April 2003 complaint to add its declaratory judgment request, nor has Paxar sought to consolidate its two pending Ohio cases.

## II.    Argument

### A.    Paxar's Heavy Burden

Paxar moves to transfer this case to the Southern District of Ohio pursuant to 28 U.S.C. § 1404(a), which states: "For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought." However, Paxar's papers gloss over the heavy burden that it must meet to achieve a § 1404 transfer. Paxar does so because it cannot meet that burden.

"[T]he first-filed action is generally preferred in a choice-of-venue decision." Cianbro Corp. v. Curran-Lavie, Inc., 814 F.2d 7, 11 (1st Cir. 1987); Veryfine, 124 F. Supp. 2d at 21. Thus, while the decision to transfer a case under § 1404 lies solely within the Court's discretion, "there is a strong presumption in favor of plaintiff's forum choice." Nowak, 94 F.3d at 719; see also Hasbro, Inc. v. Clue Computing, Inc., 994 F. Supp. 34, 46 (D. Mass. 1997) ("plaintiff's choice of forum is entitled to great weight").

Under this strong presumption, ZIH "should not be deprived of the advantages of its own choice of jurisdiction except upon a clear showing of facts which either (1) establish such

6

oppressiveness and vexation to a defendant as to be out of all proportion to plaintiff's convenience, which may be shown to be slight or nonexistent, or (2) make trial in the chosen forum inappropriate because of considerations affecting the court's own administrative or legal problems." Veryfine, 124 F. Supp. 2d at 21-22.

"Thus, the fact that [ZIH] filed its suit first ordinarily would preclude a transfer of venue to the court of the second filing." Veryfine, 124 F. Supp. 2d at 22. To overcome this strong presumption, Paxar "bears the burden of proving that convenience and judicial efficiency *strongly* favor litigating the claim in the alternative forum." Nowak, 94 F.3d at 719 (emphasis added); Champion Exposition Services, Inc. v. Hi-Tech Electric, LLC, 273 F. Supp.2d 172, 180 (D. Mass. 2003) (emphasis added); see also Hasbro, 994 F. Supp. at 46 ("defendants have the burden of making a strong showing that their choice of forum is superior"). This requires Paxar "to show that its choice of forum is substantially more convenient that that chosen by [ZIH]." Holmes Group, Inc. v. Hamilton Beach/Proctor Silex, Inc., 249 F. Supp. 2d 12, 17 (D. Mass. 2002).

**B.     Paxar Has Failed To Meet Its Burden**

"The plaintiff's choice of forum will be disturbed only rarely," and this is not one of those rare cases: Paxar has failed to show that Ohio is a "substantially more convenient forum" than Massachusetts and, therefore, has failed to rebut the strong presumption in favor of ZIH's forum choice. Nowak, 94 F.3d at 719; Holmes, 249 F. Supp. 2d at 17.

In deciding whether Paxar has met its heavy burden, the Court "may weigh a number of factors, including (1) the plaintiff's choice of forum, (2) the relative convenience of the parties, (3) the convenience of the witnesses and location of documents, (4) any connection between the forum and the issues, (5) law to be applied and (6) the state or public interest at stake." Holmes, 249 F. Supp. 2d

at 17. As discussed below, none of these factors favors transfer. Accordingly, Paxar has fallen far short of its burden and its motion to transfer should be denied.

### 1. Plaintiff's Choice Of Forum Weighs Heavily Against Transfer

As discussed above, the Court "must accord deference to the [ZIH's] choice of a Massachusetts forum." See Nowak, 94 F.3d at 718. This factor therefore heavily weighs against transferring this action to Ohio.

Although Paxar argues that the Court should make an exception because Massachusetts is not ZIH's "home turf" and is therefore not convenient for ZIH, Paxar's argument is "belied by the fact that [ZIH] chose to bring this action in Massachusetts for reasons of convenience." Champion, 273 F. Supp. 2d at 180. Indeed, ZIH cannot possibly bring the suit in its "home turf" because it is a foreign-based corporation with its principal place of business in Bermuda. Paxar's argument is therefore inapplicable.

Moreover, there is no basis for arguing that Ohio is ZIH's "home turf" and is therefore somehow more convenient for ZIH: ZIH does not reside in or conduct any business in Ohio. (Exhibit E.) See Gentile v. Franklin Sports, Inc., 2001 U.S. Dist. LEXIS 17540 (D. Mass. 2001) (considering patentee's lack of contacts with the proposed new forum in denying motion to transfer patent action).

### 2. The Relative Convenience Of the Parties Weighs Against Transfer

"In this case, [Paxar] insists that the [Southern District of Ohio] is more convenient for the parties than the District of Massachusetts – a statement belied by the fact that [ZIH] chose to bring this action in Massachusetts for reasons of convenience." Champion, 273 F. Supp. 2d at 180. And, in fact, ZIH's principal place of business is in Bermuda (not the Bahamas as Paxar erroneously asserts), making travel to Boston, Massachusetts (approximately a two hour direct flight) much more convenient than travel to Dayton, Ohio (for which no direct flights evidently are available).

Indeed, reason dictates that it likely also would be more convenient for *Paxar* to travel from its New York location to hearings or trial in Boston Massachusetts rather than in Dayton, Ohio. See Veryfine Products, Inc. v. Phlo Corporation, 124 F. Supp. 2d 16 (D. Mass. 2000) (denying motion to transfer and finding that it is not a hardship to travel from New York to Boston in order to appear for a civil trial); see also Hasbro, 994 F. Supp. at 39 ("modern means of communication . . . allow a party to litigate in one state while remaining for the majority of the time in his own state"). Likewise, it is no great inconvenience for Paxar's trial counsel, which is located in Chicago, Illinois, to travel to Boston rather than Dayton.

And even if it were somehow more inconvenient for New York-based Paxar to defend itself in Massachusetts rather than Ohio, transferring this case to Ohio would only shift Paxar's inconvenience to ZIH. This is improper: "the presumption in favor of plaintiff's choice of forum renders transfer inappropriate where the effect is merely to shift the inconvenience from one party to the other." Sigros, 129 F. Supp. 2d at 70.

In addition, the First Circuit "has recognized . . . that it is almost always inconvenient and costly for a party to litigate in a foreign jurisdiction." Nowak, 94 F.3d at 718. For this inconvenience to have any significance, it must be "onerous in a special, unusual, or other constitutionally significant way.'" Id. (quoting Pritzker v. Yari, 42 F.3d 53, 64 (1st Cir. 1994)); Sigros, 129 F. Supp. 2d at 70. Because Paxar alleges nothing more than the normal costs and inconveniences associated with defending a lawsuit in a foreign jurisdiction, this factor weighs in favor of jurisdiction. See Nowak, 94 F.3d at 718 (not enough for Hong Kong corporation to allege only the ordinary cost and inconvenience of defending so far from its place of business); Systemation, Inc. v. Engel Industries, Inc., 992 F. Supp. 58, 63 (D. Mass. 1997) (in evaluating burden to defendant, "defendant must demonstrate some kind of special or unusual burden" and "distance is not, by itself, a sufficient burden").

### 3. Location of Witnesses And Documents Weighs Against Transfer

Although Paxar argues that Ohio is more convenient because some of *Paxar's* witnesses and documents are located in Ohio, it fails to acknowledge that Ohio is substantially less convenient for *ZIH* because its witnesses and documents are not located in Ohio. Also, Ohio is not a more convenient location for Paxar's witnesses and documents located at its principal place of business in New York, or for its sales representatives and offices located throughout the country, including Massachusetts. Paxar's argument also ignores the need to take discovery from and depose the inventors for the patents-in-suit, none of whom are alleged to be located in Ohio and who, at the time the patents-in-suit were prosecuted, resided in California and Rhode Island. Moreover, Paxar has "not identified any witnesses or evidence that would be unavailable as result of trying this case in Boston." Northern Light Technology, Inc. v. Northern Lights Club, 97 F. Supp. 2d 96, 108 (D. Mass. 2000). Because there is no substantial advantage to the parties (as opposed to just Paxar) in moving discovery to Ohio, this factor weighs against transfer.

Moreover, the inconveniences cited by Paxar – the need to produce documents and witnesses in another state – are those typically encountered by an out-of-state defendant. Such inconveniences are not the "special circumstances" necessary to overcome ZIH's forum choice and are therefore insufficient to support a motion to transfer. See Veryfine, 124 F. Supp. 2d at 26 (D. Mass. 2000) (denying motion to transfer where the moving "parties have only shown the common 'hardships' associated with civil litigation, namely travel, employee absence, document production, etc."); Sigros, 129 F. Supp. 2d at 68-69, 70.

### 4. The Connection between Massachusetts and Paxar's Alleged Infringement Weighs Against Transfer

Patent injury occurs in the location, or locations, where the patentee is deprived of its right to exclude. See Beverly Hills Fan Co. v. Royal Sovereign Corp., 21 F.3d 1558, 1570-71 (Fed. Cir.

1994). By selling the infringing product in Massachusetts to Massachusetts customers, Paxar has caused such injury in Massachusetts. Accordingly, there is a direct and substantial connection between Massachusetts and Paxar's alleged infringement, and this factor therefore weighs against transfer. See Ticketmaster-New York, Inc. v. Alioto, 26 F.3d 201, 211 (1st Cir. 1994) ("The forum state has a demonstrable interest in exercising jurisdiction over one who causes tortious injury within its borders.").

### 5. The Law To Be Applied Weighs Against Transfer

The laws to be applied in this dispute are the patent laws of the United States. This Court is as capable of applying these laws as an Ohio court, and Paxar does not argue otherwise. This factor therefore weighs against transfer. See Holmes, 249 F. Supp. 2d at 17 (where a lawsuit requires the application of U.S. law, the original forum is as capable of applying the law as the proposed alternate forum and this factor therefore weighs against transfer).

### 6. The State Or Public Interests Weigh Against Transfer

As discussed above, Paxar has infringed ZIH's patents in Massachusetts. Because Massachusetts has an interest in preventing intellectual property infringement within its borders, this factor weighs strongly against transfer.

The state's and public's interest in achieving an expeditious and efficient trial and resolution also heavily weighs against transfer. Paxar seeks to transfer this case to Ohio in order to prevent ZIH from expeditiously pursuing its claims. The Ohio Court – at Paxar's encouragement – recently entered a schedule that delays the trial date on Paxar's unrelated patent infringement suit until late 2005, approximately two-and-one-half years from the date Paxar filed its complaint. And despite that suit pending since April 2003, the parties submitting their Rule 26(f) report on September 3, 2003, and the

11

Court conducting its Scheduling Conference on November 18, 2003, the Ohio court has yet to enter a scheduling order.

Paxar's evident desire to impede similarly the progress and resolution of ZIH's claims by transferring this action to the same Ohio court goes against the very purpose of a § 1404 transfer – whereas § 1404 permits transfers that would serve "the interest of justice," Paxar's requested transfer of this case from a Massachusetts forum that would allow for a speedy and efficient resolution of the parties' dispute would only serve to *obstruct* justice.

### III.    Conclusion

For the foregoing reasons, ZIH respectfully requests that the Court deny Paxar's motion to transfer.

Dated:   January 2, 2004                             Respectfully submitted,

/s/ Brian M. Gaff
Douglas J. Kline, BBO# 556680
Christopher W. Stamos, BBO# 633645
Brian M. Gaff, BBO# 642297
William A. Meunier (pro hac vice)
Testa, Hurwitz & Thibeault, LLP
High Street Tower
125 High Street
Boston, MA 02110-2704
Phone: (617) 248-7000
Fax: (617) 248-7100
Attorneys for Plaintiff ZIH Corp.

*(Filed electronically – Certificate of Service not required.)*

3000038_1