IN THE UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| ZIH CORP., | ) | |
| | ) | |
| Plaintiff, | ) | CA No. 03-CV-12358-DPW |
| | ) | (Alexander, M.J.) |
| v. | ) | |
| | ) | |
| PAXAR CORPORATION | ) | |
| | ) | |
| Defendant. | ) | |

**PAXAR'S RESPONSE TO ZIH'S RESPONSE TO THE COURT'S ORDER**

Paxar Corporation respectfully requests that the Court consider this response to ZIH's Statement of February 2, 2004, made in response to the Court's Order of January 26, 2004. ZIH's response does not resolve the conflict that will arise between this Court and the Ohio court if this action is not transferred.

At the scheduling conference held on January 26, 2004, the Court heard Paxar's motion to transfer this case to the Southern District of Ohio. The hearing centered on three cases currently pending between the parties as follows:

**1st Filed Action:** On April 23, 2003, Paxar Americas, Inc. sued ZIH et al. in the Southern District of Ohio for infringement of eight Paxar patents including the '800 patent for the manufacture and sale of over seventeen ZIH products. (Exhibit 1 to Paxar's Motion, Claim VI)

**2nd Filed Action:** On November 21, 2003, ZIH sued Paxar Corporation in this Court for infringement of two ZIH patents, the '343 and '753 patents, for the sale of one Paxar Americas product. Paxar Corporation's defense is based, at least in part, on the contention that if the '343 and '753 patents are construed to cover the accused product, they are invalid in view of the prior '800 patent. (January 26, 2004 hearing)

**3rd Filed Action:** On November 25, 2003, Paxar Americas (the real but unnamed party in interest in the 2nd filed action) filed a declaratory judgment action

*Paxar's Response to ZIH's Response to the Court's Order of Jan. 26, 2004*

against ZIH et al. for a declaration that the '343 and '753 patents are not infringed and are not valid.

At the January 26th hearing, the Court asked the plaintiff here, ZIH, "to determine whether '343 and '753 patents will be raised in the other litigation (the first Ohio action) so as to cause them to be construed by the Ohio Court, and shall advise this Court." ZIH responded that it will not raise these patents in the first Ohio action.

**ZIH'S RESPONSE WILL NOT RESOLVE THE CONFLICT BETWEEN THIS COURT AND THE OHIO COURT REGARDING THE '800 PATENT**

ZIH's response will not prevent ZIH from raising, in the first filed suit in Ohio, a construction of the '800 patent by this Court. Specifically, if the Court in this <u>second</u> filed action construes the '800 patent before the Ohio Court has an opportunity to do so, ZIH could try to use this Court's construction of the '800 patent to <u>preclude</u> the Ohio Court in the <u>first</u> filed action from construing the '800 patent.

The Ohio Court in the first filed action must construe the '800 patent because it is the basis of Claim VI therein. (Exhibit 1 to Paxar's Motion to Transfer at 14). *Markman v. Westview Instruments, Inc.,* 52 F.3d 967, 979 (Fed. Cir. 1995) ("<u>A patent covers the invention or inventions which the court, in construing its provisions, decides that it describes and claims</u>.") *Aff'd*, 517 U.S. 370 (1996). If this case is not transferred to Ohio, this Court will have to construe the '800 patent as well. That is because Paxar contends that if the '343 and/or '753 patent are construed to cover the accused product, then those patents are invalid in view of Paxar's <u>prior</u> '800 patent which itself covers the accused product. (January 26, 32004 hearing.)[1]

If this second filed action is not transferred, it is possible that this Court will construe the '800 patent before the Ohio Court has a chance to construe the '800 patent in the first filed

---

[1] The accused product in this action is also involved in the first Ohio action and is the subject of over half of ZIH et al.'s 43 document requests.

*Paxar's Response to ZIH's Response to the Court's Order of Jan. 26, 2004*
Page 2

action. That may occur, <u>not</u> because the Ohio Court is so slow as to "obstruct justice" as ZIH contends.[2] *See* ZIH's Response to Paxar's Motion to Transfer at 12. It may occur because the first Ohio action involves 8 patents, and over 17 accused ZIH products, whereas this suit involves 2 patents and only 1 product.

If the Court in this <u>second</u> filed action construes the '800 patent before the Ohio Court has an opportunity to do so, ZIH could try to use this Court's construction of the '800 patent to <u>preclude</u> the Ohio Court in the <u>first</u> filed action from construing the '800 patent. There is nothing in ZIH's response filed February 2, 2004 that will prevent ZIH from trying to take the construction of the '800 patent away from the Ohio Court in the first action. However, if this action is transferred to Ohio, ZIH will not be able to use a decision by this Court to take the construction of the '800 patent away from the Ohio Court. As such, Paxar's Motion to Transfer this action to the Southern District of Ohio should be granted in the interests of justice.

---

[2] The Government web site www.uscourts.gov shows that the Southern District of Ohio is not slower than the District of Massachusetts. As shown in the attachment, the median time from filing to trial for the southern District of Ohio as 23 months whereas the median time from filing to trial for the District of Massachusetts is 25.5 months.

*Paxar's Response to ZIH's Response to the Court's Order of Jan. 26, 2004*
Page 3

## CONCLUSION

For the foregoing reasons, Paxar Corporation respectfully requests that the Court grant its motion to transfer this action to the Southern District of Ohio.

Date: February 2, 2004

Respectfully submitted,
PAXAR CORPORATION
By its Attorneys,

/s/ Erik Paul Belt
Lee Carl Bromberg, BBO # 058480
Erik Paul Belt, BBO # 558620
BROMBERG & SUNSTEIN LLP
125 Summer Street
Boston, MA 02110
Tel: 617-443-9292
Fax: 617-443-0004
Email: ebelt@bromsun.com

Jean Dudek Kuelper, Esq.
Steven J. Hampton, Esq.
Sandra A. Frantzen, Esq.
McANDREWS, HELD &
MALLOY LTD.
500 West Madison Street, Suite 3400
Chicago, IL  60661
Telephone: (312) 775-8000
Facsimile: (312) 775-8100