125 SUMMER STREET  BOSTON MA 02110-1618

T 617 443 9292  F 617 443 0004  WWW.BROMSUN.COM

**BROMBERG ✶ SUNSTEIN** LLP

ERIK PAUL BELT
T 617 443 9292 x260
EBELT@BROMSUN.COM

March 7, 2005

**HAND DELIVERY**

Hon. Douglas P. Woodlock
United States District Court
For the District of Massachusetts
John Joseph Moakley Courthouse
Suite 4110
1 Courthouse Way
Boston, MA 02210

Re    *ZIH Corp., v. Paxar Corporation*
        Civil Action No. 03-CV-12358-DPW (Alexander, M.J.)

Dear Judge Woodlock:

As a courtesy, Paxar Corporation is enclosing for the Court's reference the Joint Motion to Lift Stay and Transfer to Massachusetts, which the parties recently filed in a declaratory judgment action pending in the Southern District of Ohio (Civ. A. No. C-3-03-417). As discussed in prior filings in this case, that declaratory judgment action is between Paxar Americas (a Paxar Corporation subsidiary) and ZIH Corp. and involves the same two patents as this case here in Boston. As the Court may recall from Paxar Corporation's Status Report Regarding Ohio Litigation, dated December 13, 2004 (also enclosed), the parties had agreed that if Your Honor did not grant Paxar's motion to transfer this case to Ohio, then the Ohio declaratory judgment action would be transferred to Boston for consolidation with this action.

We will notify Your Honor when Judge Rice in the Southern District of Ohio grants the stipulated transfer motion.

Very truly yours,

Erik Paul Belt

EPB/id
Enclosures
cc:    Douglas A. Kline, Esq.
        Jean Dudek Kuelper, Esq.
        Sandra A. Frantzen, Esq.
        02864/00501  368512.1

ATTORNEYS AT LAW

IN THE UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

|  |  |  |
|---|---|---|
| PAXAR AMERICAS, INC., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | Civil Action No. 3:03cv00417 |
| v. | ) | |
| | ) | |
| ZIH CORP., and ZEBRA TECHNOLOGIES | ) | Judge Walter H. Rice |
| CORPORATION, | ) | |
| | ) | |
| Defendants. | ) | |

## JOINT MOTION TO LIFT STAY AND TRANSFER TO MASSACHUSETTS

This case is a declaratory judgment action brought by Plaintiff Paxar Americas, Inc. ("Paxar Americas") against Defendants ZIH Corp. *et al* for noninfringement and invalidity of U.S. Patent Nos. 5,813,343 and 5,860,753 ("the 343 and 753 patents"). The present action ("the Ohio DJ action") has been stayed since July 16, 2004, when this Court entered an Order granting the parties' Joint Motion to Stay Action Pending Judicial Determination.

In the Joint Motion to Stay Action (filed on February 2, 2004), the parties notified this Court of a pending action in the United States District Court for the District of Massachusetts between ZIH Corp. and Paxar Corporation, Paxar Americas' parent company, for infringement of the 343 and 753 patents ("the Massachusetts litigation"). The parties explained that a Motion to Transfer the Massachusetts litigation to Ohio had been briefed and argued, and that the parties were awaiting a decision on the motion by the Honorable Judge Woodlock.

In the Joint Motion to Stay Action, the parties stipulated that, if Judge Woodlock denied the Motion to Transfer, they would seek to transfer the Ohio DJ action to Massachusetts for consolidation with the Massachusetts litigation. The Joint Motion to Stay Action therefore

sought to stay the present proceedings pending Judge Woodlock's determination on the Motion to Transfer. This Court granted that Joint Motion to Stay on July 16, 2004.

Judge Woodlock has now made a determination on the Motion to Transfer. During a status hearing on December 20, 2004, Judge Woodlock denied the Motion to Transfer the Massachusetts litigation to Ohio, thereby retaining that litigation in Massachusetts. Accordingly, in view of Judge Woodlock's denial of the Motion to Transfer, the parties respectfully request that this Court lift the present stay of proceedings and transfer this action to the District of Massachusetts so that it may be consolidated with the Massachusetts litigation, *ZIH Corp. v. Paxar Corporation*, Civil Action No. 03-CV-12358DPW.[1]

The parties stipulate that Zebra shall have ten days from the docketing of this case in Massachusetts to address Paxar's pending Motion to Strike.

Date: *March 2*, 2005

*[signature]*

Jean Dudek Kuelper
James M. Hafertepe
Sandra A. Frantzen
McANDREWS, HELD & MALLOY, LTD.
500 W. Madison Street, 34th Floor
Chicago, IL 60661
312-775-8000

Michael W. Krumholtz
Beiser, Greer & Landis
400 National City Center
6 Main Street
Dayton, OH 45402

ATTORNEYS FOR PLAINTIFF
Paxar Americas, Inc.

Respectfully Submitted,

*[signature]*

Douglas J. Kline
William A. Meunier
Richard Myrus
TESTA, HURWITZ & THIBEAULT LLP
125 High Street
Boston, MA 02110
617-248-7000

Lawrence E. Barbiere
Schroeder, Maundrell, Barbiere & Powers
11935 Mason Road
Cincinnati, OH 45249

ATTORNEYS FOR DEFENDANTS
Zebra Technologies Corp. *et al*

---

[1] The stipulation to transfer relates only to the Ohio DJ action. It does not relate or apply to another pending action between the parties in this District, *Paxar Americas v. Zebra Tech. Corp.*, Civ. Action No. 03-CV-142 (filed April 23, 2003)

IN THE UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| ZIH CORP., | ) | |
| | ) | |
| Plaintiff, | ) | Civil Action No. 03-CV-12358-DPW |
| | ) | (Alexander, M.J.) |
| v. | ) | |
| | ) | |
| PAXAR CORPORATION, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

## PAXAR CORP.'S STATUS REPORT REGARDING OHIO LITIGATION

Pursuant to the Court's Order of December 2, 2004, Defendant Paxar Corporation reports the status of the parallel litigation currently pending before Judge Rice in the Southern District of Ohio. There are two cases pending in Ohio, both of which involve Paxar Americas, Inc., a subsidiary of Paxar Corp. Paxar Americas is not a party to the Boston litigation. The two Ohio litigations are: (1) *Paxar Americas, Inc. v. ZIH et al*, Civil Action No. C-3-03-142, filed on April 23, 2003 ("the first Ohio litigation"); and (2) *Paxar Americas, Inc. v. ZIH et al*, Civil Action No. C-3-03-417, filed on November 25, 2003 ("the second Ohio litigation"). For clarification, this litigation, *ZIH Corp. v. Paxar Corporation*, Civil Action No. 03-CV-12358DPW, shall be hereinafter referred to as "the Boston litigation."

## I.    RELATIONSHIP OF THE OHIO AND BOSTON CASES

In the first Ohio litigation, Paxar Americas alleges that approximately fifty ZIH *et al* products infringe seven of Paxar Americas' patents including U.S. Patent No. 5,833,800 ("the 800 patent"). Paxar Corp.'s defense in this Boston litigation is based, in part, on the contention that, if the two patents involved in the Boston litigation are construed to cover the Sierra Sport 2 printer (the accused product here), they are invalid in view of the prior 800 patent. *See* Paxar Corp.'s Response to ZIH's Response to the Court's Order, filed on February 2, 2004.

## II.    STATUS OF THE FIRST OHIO LITIGATION, C.A. NO. C-3-03-142

What follows is a synopses of major events that have transpired in the first Ohio litigation.

| *Paxar Americas, Inc. v. ZIH et al*, Civil Action No. C-3-03-142 <br> **(The First Ohio Litigation)** |
|---|
| **Protective Order Entered.** There was a dispute over the Protective Order in which ZIH attempted to preclude certain Paxar counsel from accessing confidential documents. The Ohio Court entered a Protective Order on April 28, 2004, allowing all Paxar counsel access to the documents. According to the Ohio Court, the Protective Order "shall govern all actions pending between the parties in the United States." |
| **Claim Construction Hearing Completed.** On July 15, 2004, the Ohio Court heard oral arguments regarding the construction of the claims of the patents-in-suit, including the 800 patent. The parties are presently awaiting the Court's decision. |
| **Discovery Ongoing.** The parties are currently involved in discovery, with fact discovery presently set to close on May 3, 2005. In the first Ohio litigation, ZIH requested, and Paxar Americas produced, many documents relating to the Sierra Sport 2 printer, the accused product in this Boston litigation. In response to a subpoena served by ZIH in the *Boston* litigation, Paxar Americas designated over 18,000 documents already produced by it in the first Ohio litigation. These documents were produced pursuant to the Ohio Protective Order. <br><br> Paxar Americas has been working hard to obtain discovery from ZIH. The parties are engaged in weekly meet and confers. For example, in October 2004, after months of negotiations, ZIH finally answered an interrogatory served on them in September 2003. <br><br> Depositions and expert discovery have been delayed because ZIH has still not produced basic documents regarding the accused products (e.g., certain schematics). Paxar Americas served a number of deposition notices as early as October 2004; however, to date, ZIH has not made any of its witnesses available. The first depositions in this case are presently scheduled for January 2005. <br><br> ZIH recently issued a 30(b)(6) notice relating to products using the invention in the 800 patent (e.g., the Sierra Sport 2 printer). |
| **Motion to Amend.** In May and October 2004, Paxar moved to amend its Complaint in the first Ohio action to add two recently-issued patents. These patents are related to the 800 patent and cover the Sierra Sport 2 printer. |
| **Trial.** Trial is presently scheduled for October 2005. |

### III.   STATUS OF THE SECOND OHIO LITIGATION, C.A. NO. C-3-03-417

In the second Ohio litigation, Paxar Americas filed a declaratory judgment action alleging that the two patents at issue in the Boston litigation are not infringed and are invalid. What follows is a synopses of major events that have transpired in that litigation.

| *Paxar Americas, Inc. v. ZIH et al*, Civil Action No. C-3-03-417 (The Second Ohio Litigation) |
|---|
| **Case Stayed Pursuant to Parties' Stipulation.** Paxar Americas and ZIH apprised the Ohio Court of the pending Motion to Transfer in the Boston litigation. The Ohio Court granted the parties' stipulated motion to stay the second Ohio litigation pending this Court's determination of Paxar Corp.'s transfer motion. According to the parties' stipulation, if Paxar Corp.'s motion to transfer is granted, the transferred Boston litigation would be consolidated with the second Ohio litigation in Ohio. Alternatively, if the motion is not granted, the second Ohio litigation would be transferred to Boston for consolidation with the Boston litigation. |
| **Motion to Strike.** Before the case was stayed, Paxar Americas filed a Motion to Strike aspects of ZIH's Answer to Paxar's Complaint. ZIH's Opposition to that Motion would be due once the stay is lifted. |

Date:  December 13, 2004

Respectfully Submitted,

/s/ John F. Ward
Jean Dudek Kuelper
James M. Hafertepe
Sandra A. Frantzen
McANDREWS, HELD & MALLOY, LTD.
500 W. Madison Street, 34th Floor
Chicago, IL 60661
312-775-8000

Lee Carl Bromberg (BBO # 058480)
Erik Paul Belt  (BBO # 558620)
John F. Ward (BBO # 646689)
Bromberg & Sunstein LLP
125 Summer Street
Boston, MA 02110
617-443-9292
ebelt@bromsun.com
ATTORNEYS FOR PAXAR CORP.