EXHIBIT A

IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF
MASSACHUSETTS

|  |  |
|---|---|
| ZIH CORP., <br><br> Plaintiff, <br><br> v. <br><br> PAXAR CORPORATION <br><br> Defendant. | ) <br> ) <br> ) <br> ) CA No. 03-CV-12358-DPW <br> ) (Alexander, M.J.) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) |

## DEFENDANT'S AMENDED ANSWER TO COMPLAINT, COUNTERCLAIMS AND JURY DEMAND

The defendant, Paxar Corporation ("Paxar"), answers each of the numbered allegations of the complaint as follows:

### PARTIES

1. Paxar is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 1 of the Complaint and therefore denies all such allegations.

2. Paxar admits the allegations of Paragraph 2 of the Complaint.

### JURISDICTION AND VENUE

3. Paxar admits that the claims pleaded by Plaintiff ZIH Corp. arise under the patent laws of the United States and that this Court has jurisdiction over claims arising under the patent laws of the United States. Paxar Corporation denies that this Court has exclusive jurisdiction over the subject matter of this claim and denies all other remaining allegations of Paragraph 3 of the Complaint.

4. Paxar admits that venue is technically proper pursuant to 28 U.S.C. § 1391(c), but venue is more appropriate in Ohio in accordance with 28 U.S.C. § 1404. Neither party is located in this judicial district. Paxar Corporation does not have a place of business in this judicial district. Furthermore, there are no documents, people, or things relating to this action located in this judicial district. Paxar denies all other remaining allegations of Paragraph 4 of the Complaint.

## COUNT I

### INFRINGEMENT OF U.S. PATENT 5,813,343

5. Paxar restates its responses to Paragraphs 1 through 4 above.

6. Paxar admits that United States Patent No. 5,813,343 issued on September 9, 1998. Paxar admits that Douglas J. Harb is named as inventor by that patent and that the title of the patent is "Printing Media Roll Mounting and Positions Mechanism". Paxar denies that patent issued to Douglas J. Harb because the patent states that it is owned by Eltron International, Inc. Defendant Paxar Corporation denies that the patent duly and legally issued and denies each remaining allegation of Paragraph 6 of the Complaint.

7. Paxar is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 7 of the Complaint and therefore denies all such allegations.

8. Paxar denies each and every allegation of Paragraph 8 of the Complaint.

9. Paxar denies each and every allegation of Paragraph 9 of the Complaint.

10. Paxar Corporation admits that it has known of United States Patent No. 5,813,343 since about its issuance. Paxar Corporation denies that it has notice of that patent as required by 35 U.S.C. § 287(a).

11. Paxar denies each and every allegation of Paragraph 11 of the Complaint.

12. Paxar Corporation denies that ZIH has been harmed by any wrongful act of Defendant Paxar Corporation, denies that ZIH is entitled to any remedy and denies each remaining allegation of Paragraph 12 of the Complaint.

## COUNT II

### INFRINGEMENT OF U.S. PATENT 5,860,753

13. Defendant Paxar Corporation restates its responses to paragraphs 1 through 12.

14. Defendant Paxar Corporation admits that United States Patent No. 5,860,753 issued on January 19, 1999. Defendant Paxar Corporation admits that David F. Beck et al. are named as inventors by that patent and that the title of the patent is "Mechanism For Centering Rolls of Paper Stock Supplied For Printing". Paxar Corporation denies that patent issued to David F. Beck et al. since the patent states that it is owned by Comtec Information Systems, Inc. Defendant Paxar Corporation denies that the patent duly and legally issued and denies each remaining allegation of Paragraph 14 of the Complaint.

15. Paxar is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 15 of the Complaint and therefore denies all such allegations.

16. Paxar denies each and every allegation of Paragraph 16 of the Complaint.

17. Paxar denies each and every allegation of Paragraph 17 of the Complaint.

18. Paxar Corporation admits that it has known of United States Patent No. 5,860,753 since about its issuance. Paxar Corporation denies that it has notice of that patent as required by 35 U.S.C. § 287(a).

19. Paxar denies each and every allegation of Paragraph 19 of the Complaint.

20. Paxar Corporation denies that ZIH has been harmed by any wrongful act of Defendant Paxar Corporation, denies that ZIH is entitled to any remedy and denies each remaining allegation of Paragraph 20 of the Complaint.

## AFFIRMATIVE DEFENSES

21. The claims of the '753 patent are invalid for failure to comply with at least the provisions of 35 U.S.C. §§ 102, 103, and 112.

22. Paxar Corporation has not and is not infringing any valid claim of the '753 patent, either literally or under the doctrine of equivalents.

23. The '753 patent is unenforceable due to ZIH's unclean hands in asserting the '753 patent in this civil action. Plaintiff is asserting the '753 patent with knowledge that the patent cannot be both infringed and valid in view of certain prior art of which ZIH is aware.

24. The claims of the '343 patent are invalid for failure to comply with at least the provisions of 35 U.S.C. §§ 102, 103, and 112.

25. Paxar Corporation has not and is not infringing any valid claim of the '343 patent, either literally or under the doctrine of equivalents.

26. On information and belief, and pursuant to Fed. R. Civ. P. 11(b), Paxar Corporation states that it is likely to have evidentiary support after a reasonable opportunity for further investigation or discovery, that the '343 patent is unenforceable due to inequitable conduct before the United States Patent and Trademark Office ("PTO"). The '343 patent expired on September 30, 2002, due to Plaintiff's failure to pay the required maintenance fee. On information and belief, Paxar Corporation states that it is likely to have evidentiary support after a reasonable opportunity for further investigation or discovery that ZIH intentionally decided not

to pay the maintenance fee. ZIH filed this lawsuit in November 2003, while the '343 patent was expired. Before filing this lawsuit, ZIH should have performed an investigation that would have revealed that the '343 patent had expired. On September 27, 2004, ZIH filed with the PTO a Petition to Accept Unintentionally Delayed Payment of Maintenance Fee In Expired Patent. In that Petition, ZIH represented that the failure to timely pay the maintenance fee was "unintentional." ZIH waited to file this Petition until the last two days possible. On information and belief, ZIH became aware of its failure to timely pay the maintenance fee and intentionally delayed filing a petition for reinstatement of the '343 patent. On information and belief, the failure to timely pay the maintenance fee and the subsequent delay in paying the maintenance fee was intentional and ZIH's representation to the PTO to the contrary was a material misrepresentation intended to obtain a favorable result on its Petition to accept late payment of maintenance fee.

27.     The '343 patent is unenforceable due to ZIH's unclean hands in asserting the '343 patent in this civil action. On information and belief, ZIH asserted the expired '343 patent against Paxar Corp. knowing that the patent was expired and abandoned as a result of ZIH's intentional failure to pay the maintenance fee. Additionally, on information and belief, ZIH believes that the '343 patent is invalid in light of positions taken and statements made by ZIH in the litigation captioned *Paxar Americas, Inc. v. ZIH Corp. et al*, Civil Action No. 03-142 (S.D. Ohio) regarding certain alleged prior art.

28.     On information and belief, and pursuant to Fed. R. Civ. P. 11(b), Paxar Corporation states that it is likely to have evidentiary support after a reasonable opportunity for further investigation or discovery that the '753 patent is unenforceable due to inequitable conduct before the United States Patent and Trademark Office ("PTO"). Prior to the filing of the '753

patent application, at least one of the named inventors of the '753 patent had knowledge of certain prior art including a patent which is related to U.S. Patent No. 5,833,800 and which contains a certain figure. That patent and its figures are material prior art to the '753 patent. During the prosecution of the '753 patent application, that prior art was not disclosed to the PTO. Upon information and belief, the failure to cite that material prior art was intentional and done with an intent to deceive the PTO.

29. Plaintiff has failed to show compliance with 35 U.S.C. § 287.

## COUNTERCLAIMS

30. Paxar Corporation's answers to paragraphs 1 – 20 and allegations of paragraphs 21 – 29 above are incorporated for these Counterclaims as though fully set forth herein.

31. These Counterclaims seek a declaratory judgment of patent invalidity, unenforceability and noninfringement and arise under the Patent Law of the United States, Title 35 of the United States Code.

32. This Court has jurisdiction over the subject matter of these Counterclaims pursuant to 28 U.S.C. §§ 1338, 2201, and 2202.

33. This action may be brought in this district pursuant to 28 U.S.C. § 1391.

34. Counterclaim-Plaintiff Paxar Corporation is a New York corporation having a place of business in White Plains, New York.

35. Counterclaim-Defendant ZIH Corporation alleges that it is a Delaware corporation having a usual place of business in Hamilton, Bermuda.

36. Counterclaim-Defendant ZIH Corporation has submitted to personal jurisdiction before this Court by bringing an action against Counterclaim-Plaintiff Paxar Corporation here.

37. Counterclaim-Defendant ZIH Corporation alleges that it is the owner by assignment of United States Patent No. 5,813,343 (the '343 patent) and United States Patent No. 5,860,753 (the '753 patent).

38. Counterclaim-Defendant ZIH Corporation alleges that Paxar Corporation has infringed and is infringing the '343 and '753 patents.

39. Upon information and belief, Counterclaim-Defendant ZIH Corporation did not conduct a reasonable investigation as to whether the Sierra Sport™ 2 printer infringes the '753 patent.

40. The baseless accusations of patent infringement made by Counterclaim-Defendant ZIH Corporation against Paxar Corporation are causing irreparable damage to Paxar Corporation.

41. Paxar Corporation is entitled to a judgment by this Court declaring the asserted '343 and '753 patents invalid and unenforceable and that no valid claims are infringed by Paxar Corporation, either literally or under the doctrine of equivalents.

42. Since the conduct of the Counterclaim-Defendant ZIH Corporation renders this case to be "exceptional" under 35 U.S.C. § 285, Paxar Corporation is entitled to recover its reasonable costs, expenses and attorneys' fees.

### COUNTERCLAIM COUNT I – NONINFRINGEMENT, INVALIDITY AND UNENFORCEABILITY OF U.S. PATENT NO. 5,813,343

43. Paxar Corporation's allegations of paragraphs 30 – 42 above are incorporated for this Counterclaim as though fully set forth herein.

44. Paxar Corporation does not infringe any valid claim of the '343 patent, either literally or under the doctrine of equivalents.

45.   Each claim of the '343 patent is invalid for failure to comply with at least 35 U.S.C. §§ 102, 103, and 112 and unenforceable.

46.   An actual and justiciable controversy exists between Paxar Corporation and Counterclaim-Defendant ZIH Corp. with regard to invalidity, unenforceability, and noninfringement of the '343 patent.

## COUNTERCLAIM COUNT II – NONINFRINGEMENT, INVALIDITY AND UNENFORCEABILITY OF U.S. PATENT NO. 5,860,753

47.   Paxar Corporation's allegations of paragraphs 30 – 42 above are incorporated for this Counterclaim as though fully set forth herein.

48.   Paxar Corporation does not infringe any valid claim of the '753 patent, either literally or under the doctrine of equivalents.

49.   Each claim of the '753 patent is invalid for failure to comply with at least 35 U.S.C. §§ 102, 103, and 112 and unenforceable.

50.   An actual and justiciable controversy exists between Paxar Corporation and Counterclaim-Defendant ZIH Corp. with regard to invalidity, unenforceability, and noninfringement of the '753 patent.

## JURY DEMAND

50.   Paxar Corporation demands a trial by jury on all issues so triable in this Counterclaim.

## RELIEF REQUESTED

WHEREFORE, Defendant and Counterclaim-Plaintiff Paxar Corporation respectfully requests a judgment in its favor, including:

A.   That the claims of the asserted '343 and '753 patents be declared invalid;

B.   That the claims of the '343 and '753 patents be declared unenforceable;

8

C.   That Paxar Corporation be declared not to have infringed any valid claims of the asserted patents, either literally or under the doctrine of equivalents;

D.   That the claims for infringement of the asserted patents be dismissed with prejudice;

E.   That Plaintiff be denied with prejudice all relief requested in its Complaint;

F.   That the case be declared "exceptional" and that Paxar Corporation be awarded its expenses, costs and attorneys' fees pursuant to 35 U.S.C. § 285;

G.   That Paxar Corporation be awarded its costs, attorneys' fees, and expenses incurred in this action pursuant to applicable state and federal laws; and

H.   That the Court grant Paxar Corporation such other and further relief as the Court may deem just and proper.

Date: June 7, 2005                                 Respectfully submitted,

                                                   PAXAR CORPORATION
                                                   By its Attorneys,

                                                   /s/ Erik P. Belt
                                                   Lee Carl Bromberg, BBO # 058480
                                                   Erik Paul Belt, BBO # 558620
                                                   Bromberg & Sunstein LLP
                                                   125 Summer Street
                                                   Boston, Massachusetts 02110
                                                   Telephone: 617-443-9292
                                                   Email: ebelt@bromsun.com

                                                   Jean Dudek Kuelper, Esq.
                                                   Steven J. Hampton, Esq.
                                                   Sandra A. Frantzen, Esq.
                                                   McANDREWS, HELD & MALLOY LTD.
                                                   500 West Madison Street, Suite 3400
                                                   Chicago, Illinois 60661
                                                   Telephone: (312) 775-8000
                                                   Facsimile: (312) 775-8100

02864/00501   391560.1