IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

_____
                                                      )
ZIH CORP.,                                  )
                                                      )
       Plaintiff,               )      CA No. 03-CV-12358-DPW
                                                      )      (Alexander, M.J.)
       v.                              )
                                                      )
PAXAR CORPORATION          )
                                                      )
       Defendant.             )
_____)

**DEFENDANT'S MEMORANDUM IN SUPPORT OF ITS UNOPPOSED
MOTION FOR LEAVE TO FILE AN AMENDED ANSWER AND COUNTERCLAIM**

This is a civil action for patent infringement involving U.S. Patents Nos. 5,860,753 and 5,813,343 (the "'753 and '343 patents," respectively). Pursuant to FED. R. CIV. P. 15(a), Defendant Paxar Corporation (hereinafter "Paxar") respectfully requests that this Court grant leave to file an Amended Answer and Counterclaims, attached as Exhibit A. Under Fed. R. Civ. P. Rule 15(a), leave to amend should be "freely given when justice so requires." See Gonzalez-Perez v. Hospital Interamericano De Medicina Avanzada, 355 F.3d 1, 5 (1st Cir. 2004); Interstate Litho Corp. v. Brown, 255 F.3d 19, 25 (1st Cir. 2001).

The proposed amended pleading adds and/or clarifies Paxar's defenses and counterclaims that both patents-in-suit are unenforceable due to Plaintiff's unclean hands and inequitable conduct before the PTO. As set forth in the accompanying Memorandum in Support, Paxar respectfully submits that the Court should grant this Motion for the following reasons. First, Plaintiff ZIH Corp. ("ZIH") does not oppose Paxar's Motion. Second, it is still early in the litigation and neither party has taken any depositions and the request to amend the pleadings falls well before discovery would close. Third, as Plaintiff consents to the motion, there is no

prejudice in granting leave since the facts alleged are facts that are known to ZIH or should have been known to ZIH.

Pursuant to Local Rule 7.1(a)(2), counsel for ZIH and Paxar have conferred regarding this motion and ZIH does not oppose Paxar's Motion for leave to file the amended pleading.[1]

## I.   INTRODUCTION

In its original Answer to ZIH's Complaint, Defendant Paxar pled several affirmative defenses and counterclaims relating to the patents-in-suit. For example, Paxar has alleged that the '753 patent is not infringed, invalid, and unenforceable and has alleged that the '343 patent is not infringed and invalid. (*See, e.g.,* Answer at ¶¶ 21-25, 36-38, 41-42, 45-46.) The proposed amended pleadings add and/or clarify Paxar's defenses and counterclaims that both patents-in-suit are unenforceable due to Plaintiff's unclean hands and inequitable conduct before the PTO. Discovery in this case is in its infancy; neither party has taken any depositions. Given the stage of this lawsuit, the fact that ZIH has not opposed filing of the amended pleading, and Fed. R. Civ. P. 15(a)'s liberal approach toward amendment of the pleadings, the Court should grant Paxar's Motion for Leave to File its Amended Answer and Counterclaims.

## II.   THE PROPOSED AMENDMENTS

**The '343 patent**. With regard to the '343 patent, Paxar's proposed Amended Answer and Counterclaims adds an unenforceability affirmative defense (and amends Paxar's corollary Counterclaim Count I) relating to ZIH's inequitable conduct before the Patent Office and unclean hands in filing this action (*see, e.g.,* Ex. A at ¶ 26, 27, 45).

---

[1] Although ZIH does not oppose the motion, ZIH reserved its right to respond to the pleading itself.

Paxar's ***inequitable conduct*** defense is based on the expiration of the asserted '343 patent. ZIH filed this lawsuit against Paxar in November 2003. However, the '343 patent expired on September 30, 2002 due to ZIH's failure to pay the required maintenance fee. (Ex. A at ¶¶ 26.) Before filing this lawsuit in November 2003, ZIH either knew or should have known that the '343 patent had expired. Specifically, before filing, ZIH should have performed an investigation that would have revealed that the '343 patent had expired. (*Id.*) Yet, it was not until September 27, 2004, that ZIH filed with the Patent Office a Petition to accept its "unintentionally delayed" payment of its maintenance fees. (*Id.*) ZIH waited to file that petition until the last two days possible. (*Id.*) In that Petition, ZIH represented to the Patent Office that the failure to timely pay the maintenance fee was "unintentional." (*Id.*) In reliance on ZIH's statements, the Patent Office granted ZIH's Petition. (*Id.*) Paxar alleges that, in view of ZIH's waiting to the last possible days to file its Petition, ZIH's failure to timely pay the maintenance fee and the subsequent delay in paying maintenance fee was ***intentional*** and ZIH's representation to the contrary was a material misrepresentation intended to (and did) obtain a favorable result on its Petition. (*Id.*)

Paxar's ***unclean hands*** defense for the '343 patent is based on Zebra's assertion of the expired patent against ZIH and ZIH's assertion of certain prior art in a related lawsuit. Paxar believes that ZIH asserted the expired '343 patent against Paxar Corp. knowing that the patent was expired and abandoned as a result of ZIH's intentional failure to pay the maintenance fee. (Ex. A at ¶ 27.) As a separate grounds for unclean hands, Paxar alleges that ZIH believes that the '343 patent is knowingly asserting an invalid patent in light of positions taken and statements made by ZIH in the litigation captioned *Paxar Americas, Inc. v. ZIH Corp. et al*, Civil Action No. 03-142 (S.D. Ohio) ("the Ohio litigation") regarding certain alleged prior art.

3

**The '753 patent**.  With regard to the '753 patent, Paxar's proposed Amended Answer and Counterclaims clarifies its existing unenforceability defense/counterclaim relating to ZIH's unclean hands in knowingly asserting a patent that cannot be both infringed and valid (*see, e.g.,* Ex. A at ¶¶ 23, 47) and adds an additional unenforceability defense of inequitable conduct before the Patent Office (*see, e.g., id.* at ¶¶ 28, 47).

Paxar's ***inequitable conduct*** defense on the '753 patent relates to ZIH's failure to disclose to the Patent Office material prior art of which it was aware.  (*Id*. at ¶ 28.)  Paxar alleges that, prior to the filing and during the prosecution of the '753 patent application, at least one of the named inventors of the '753 patent had knowledge of certain prior art.  (*Id.*)  That prior art includes a patent that is related to U.S. Patent No. 5,833,800, a patent that is at issue in the Ohio litigation.  (*Id*.)  Specifically, although at least one named inventor knew of that prior art (including figures contained therein), the inventor never disclosed that prior art to the Patent Office even though it was material to the patentability of the '753 patent.  (*Id.*)  Paxar alleges that the failure to cite that material prior art was intentional and done with an intent to deceive the Patent Office.  (*Id*.)

Paxar's proposed amended answer also clarifies its previously asserted affirmative defense/counterclaim of ***unclean hands*** with respect to the '753 patent.  (*Id*. at ¶¶ 23.)  Specifically, Paxar alleges that ZIH's unclean hands results from the fact that it is asserting the '753 patent with knowledge that the patent cannot be both infringed and valid in view of certain prior art of which ZIH is aware.  (*Id*.)

### III. THIS COURT SHOULD GRANT LEAVE TO AMEND PAXAR'S PLEADING TO ADD AND/OR CLARIFY AFFIRMATIVE DEFENSES AND COUNTERCLAIMS RELATING TO THE UNENFORCEABILITY OF THE PATENTS-IN-SUIT

Under the Federal Rules, leave to amend the pleadings "shall be freely given when justice so requires." FED. R. CIV. P. 15(a) (2004).  Courts liberally apply Rule 15 by *freely granting* leave to amend in the absence of such factors as undue delay, bad faith by the movant, futility of the amendment, or prejudice to the opposing party.  See Gonzalez-Perez v. Hospital Interamericano De Medicina Avanzada, 355 F.3d 1, 5-6 (1st Cir. 2004) (citing factors listed in Foman v. Davis, 371 U.S. 178, 182 (1962)); Carmona v. Toledo, 215 F.3d 124, 136 (1st Cir. 2000).  Thus, consonant with Supreme Court law, First Circuit courts have applied Fed. R. Civ. P. 15 with extreme liberality to allow amended pleadings.  See, e.g., Id.; Clair Recreation Center, Inc. v. Flynn, 897 F.2d 623, 625 (1st Cir. 1990).  The primary purpose underlying Rule 15 is to ensure that controversies are decided on their merits, and not by technicalities.  Foman, 371 U.S. at 181-82 (1962).

Given the extreme liberality of the Federal Rules and ZIH's consent to the motion, the Court should grant Paxar's Motion for Leave to File the Amended Complaint.[2]

---

[2] Because ZIH consented to Paxar's Motion for leave to file its amended pleading, Paxar will not burden the Court with the relevant law regarding unclean hands and inequitable conduct.  However, if the Court would like to entertain that law, of course, Paxar will provide it.

5

## CONCLUSION

For all of the foregoing reasons, Paxar respectfully requests that the Court grant leave and accept the attached amended pleading for filing.

Date: June 7, 2005

Respectfully submitted,

PAXAR CORPORATION
By its Attorneys,

/s/ Erik P. Belt
Lee Carl Bromberg, BBO # 058480
Erik Paul Belt, BBO # 558620
Bromberg & Sunstein LLP
125 Summer Street
Boston, Massachusetts 02110
Telephone: 617-443-9292
Email: ebelt@bromsun.com


Jean Dudek Kuelper, Esq.
Steven J. Hampton, Esq.
Sandra A. Frantzen, Esq.
McANDREWS, HELD & MALLOY LTD.
500 West Madison Street, Suite 3400
Chicago, Illinois 60661
Telephone: (312) 775-8000

02864/00501  391549.1